496 N.W.2d 31 (1993)
In the Interest of B.S., a Child.
Rick SHIREY, Petitioner and Appellee,
v.
B.S., a child, and R.S. and B.S., his parents, Respondents and Appellants.
Civ. No. 920160.
Supreme Court of North Dakota.
February 23, 1993.
*32 Tom Henning (argued), Asst. State's Atty., Dickinson, for petitioner and appellee.
Ronald A. Reichert (argued) of Reichert, Buresh, Herauf & Ficek, PC, Dickinson, for respondent and appellant B.S., a child.
LEVINE, Justice.
B.S. (Brent, a pseudonym) and his parents R.S. (Richard, a pseudonym), and B.S. (Beth, a pseudonym), appeal from a juvenile court order declaring Brent to be a delinquent child in need of treatment. We hold that Brent was denied his right to counsel under the Uniform Juvenile Court Act, Chapter 27-20, N.D.C.C., during an interrogation and that the trial court committed reversible error by refusing to suppress Richard and Beth's testimony about what Brent said at that interrogation. Consequently, we reverse the order of the juvenile court.
The juvenile court found that Brent and a companion used BB guns to shoot and damage a personal residence, a high school and a band shell in the city of Dickinson. The court also found that Brent stole a magazine from a store in Dickinson. Based upon these findings, the court declared Brent to be a delinquent juvenile and ordered that his temporary legal custody be placed with the Division of Juvenile Services of the North Dakota Department of Corrections.
The dispositive issue on appeal is whether the juvenile court committed reversible error by allowing Brent's parents to testify about admissions Brent made, without representation by an attorney, during an interrogation by a police youth bureau officer. This court's scope of review under Chapter 27-20, N.D.C.C., is equivalent to the former procedure of trial de novo; we independently review the evidence presented to the juvenile court. In Interest of J.D.Z., 431 N.W.2d 272 (N.D. 1988).
Section 27-20-26, N.D.C.C., says:
"Except as otherwise provided under this chapter, a party is entitled to representation by legal counsel at all stages of any proceedings under this chapter and, if as a needy person he is unable to employ counsel, to have the court provide counsel for him.... Counsel must be provided for a child not represented by his parent, guardian, or custodian...."
The "stages of any proceedings," under this provision, are not limited to those instances which take place in the courtroom but include circumstances, such as an interrogation, where the officer has focused his investigation on a particular suspect and is intent on gathering evidence. In Interest of J.D.Z., supra, 431 N.W.2d at 275. If a minor is not represented by a parent, guardian or custodian during an interrogation when the investigation has focused upon him, he or she has a right to have an *33 attorney present, and that right cannot be waived. In Interest of D.S., 263 N.W.2d 114 (N.D.1978). If, however, the minor is represented by a parent, guardian or custodian during the interrogation, the minor has a right to have an attorney present, but that right can be waived if the waiver is knowingly, intelligently and voluntarily made. In Interest of D.S., supra, 263 N.W.2d at 120.
Beth's testimony at the delinquency hearing is unrefuted and shows that Brent was not afforded his statutory right to have an attorney present at the interrogation and that he did not voluntarily waive that right:
"Q. This conversation you are talking about [Brent] talking to you, now, did that take place at the police station?
"A. Yes, it did.
"Q. Were the police there interrogating [Brent]?
"A. Yes.
"Q. Did [Brent] have a lawyer present?
* * * * * *
"A. No.
* * * * * *
"Q. And to the best of your knowledge, do you know if [Brent] was advised that he had the right to have an attorney?
"A. No."
On cross-examination Beth elaborated about what took place immediately preceding the officer's interrogation of Brent:
"[Q.] What were you told at the police station? What was your answer when you saidor when you were asked if you would like an attorney present and you didn't want to sign the paper? What were you told by Arnie Rummel when you asked if you needed an attorney?
"THE WITNESS: I refused to sign a paper on my rights, because I did not knowI've never had anything to do with crime, and I did not know if we needed an attorney or not, and I asked Arnie Rummel, `How do I know if we need an attorney?' He said, `We will tell you.'
* * * * * *
"Q. He said he will tell you. He will tell you what?
"A. If we needed an attorney.
"Q. And the conversations that you just repeated here, were after he told you that he would tell you when you needed an attorney?
"A. Right.
"Q. And you were there, summoned as [Brent's] parents, right?
"A. Yes.
"Q. Nobody was making any allegations against you?
"A. No.
"Q. And did [Brent] look to you for advice as his parent?
"A. At that time? At the police station?
"Q. Yes.
"A. No, because he knew we didn't know what we were doing. We didn't understand it ourselves.
"Q. Did Mr. Rummel say the same thing to [Brent]?
"A. He looked at all three of us when he said it.
"Q. So he did not address anybody specifically, but he specifically said that when you needed an attorney, he would tell you?
"A. Yes.
"Q. And did he ever tell you that you needed an attorney?
"A. No.
"Q. Did anybody from the police department ever tell you that you needed an attorney?
"A. No."
Beth's testimony shows that she and Richard were not able to "represent" Brent because they were totally unfamiliar with the proceedings and "didn't know what [they] were doing." The mere presence of a parent does not constitute representation. State v. Grenz, 243 N.W.2d 375 (N.D.1976). At the very least, in order to represent the interests of their child, Brent's parents would have had to understand *34 that it was their role to advise him at the interrogation. Id., 243 N.W.2d at 380. They also would have had to take an "active role" at that proceeding, rather than simply being present and answering questions directed to them by the interrogating officer. See In Interest of J.D.Z., supra, 431 N.W.2d at 274.
Black's Law Dictionary (6th ed. 1990) defines the term "represent," in relevant part: "To represent a person is to stand in his place; to speak or act with authority on behalf of such person." Beth's testimony reveals that neither she nor Richard attempted to speak or act with authority on Brent's behalf, nor did they attempt to stand in Brent's place at the interrogation. Thus, they were not representing him. Under these circumstances, we conclude that Brent's right to an attorney at the interrogation was not waivable and that he was denied his right to counsel. In Interest of D.S., supra.
Even if Brent were represented by his parents at the interrogation, he was entitled to have an attorney present, unless he and his parents voluntarily waived that right. In deciding whether there was a voluntary waiver of the right to counsel, we look at the totality of the circumstances. Huff v. K.P., 302 N.W.2d 779 (N.D.1981). Neither Brent nor Beth signed the attorney waiver form that the officer told them to sign. Brent's father, Richard, signed it, but only after he was assured that the officer would tell them when they needed an attorney. That statement by the officer obviously misled Brent and his parents into thinking that Brent did not need an attorney at the interrogation. We conclude that, under these circumstances, Brent did not knowingly, intelligently and voluntarily waive his statutory right to counsel.
The consequences for failing to provide a minor with an attorney as required under Chapter 27-20, N.D.C.C., are set forth under subsection 2 of Section 27-20-27, N.D.C.C.:
"A child charged with a delinquent act need not be a witness against or otherwise incriminate himself. An extrajudicial statement, if obtained in the course of violation of this chapter or which would be constitutionally inadmissible in a criminal proceeding, may not be used against him. Evidence illegally seized or obtained may not be received over objection to establish the allegations made against him...."
Under this provision, Brent's uncounseled admissions were not admissible as evidence against him to prove that he committed the delinquent acts charged. His admissions were neither admissible through his own testimony nor through other means, such as the testimony of the officers or his parents who were present at the interrogation. See Huff v. K.P., supra, 302 N.W.2d at 786 [officer's testimony was not admissible about statements made by minor who was questioned without being informed of her right to an attorney].
The State attempted to prove the charges against Brent by the testimony of Brent's alleged accomplice and by the testimony of Brent's parents about what Brent said during the uncounseled interrogation. At the hearing, the juvenile court agreed with Brent's attorney that the court could not find Brent guilty of committing the acts charged, unless the testimony of his accomplice was corroborated by other evidence. See Section 29-21-14, N.D.C.C.
Beth and Richard's testimony about Brent's admissions at the interrogation is inadmissible. Upon our de novo review of the record, we find that none of Beth and Richard's relevant knowledge about what Brent did was learned independently of the tainted interrogation. We conclude, therefore, that the record does not contain admissible corroborative evidence which, together with the accomplice's testimony, would constitute clear and convincing evidence of delinquency. Because the court erred in admitting evidence obtained as a result of Brent's uncounseled interrogation, we reverse the order declaring Brent a delinquent child.
REVERSED.
*35 MESCHKE, J., and RALPH J. ERICKSTAD, Surrogate Judge, concur.
VANDE WALLE, C.J., concurs in result.
Surrogate Judge RALPH J. ERICKSTAD was Chief Justice at the time this case was heard and served as surrogate judge for this case pursuant to Section 27-17-03, N.D.C.C.
Justice J. PHILIP JOHNSON, who was a member of the Court when this case was heard, did not participate in this decision.
Justice NEUMANN and Justice SANDSTROM, not being members of the Court when this case was heard, did not participate in this decision.