Michael SNYDER *v.* STATE of Arkansas

CR 97-570                                            965 S.W.2d 121

Supreme Court of Arkansas
Opinion delivered March 19, 1998

*Val P. Price*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Kelly S. Terry*, Asst. Att'y Gen., for appellee.

DAVID NEWBERN, Justice. Michael Snyder, the appellant, was convicted of two counts of rape by deviate sexual activity with an eight-year-old boy. He was sentenced to fifteen years' imprisonment on each count, to be served consecutively. Mr. Snyder argues that the Trial Court erred by admitting evidence, during the sentencing phase of his trial, of a prior juvenile delinquency adjudication. He contends that the prior adjudication was inadmissible pursuant to the law extant at the time the prior juvienile delinquency petiton was filed and at the time the adjudication occurred. He argues that the application of the current statute, which would allow its admissibility was a violation of the *ex post facto* legislation principle, citing cases interpreting the United States Constitution. He also argues that the Trial Court's order that his name be registered as an habitual child sex abuser was in

error because his prior juvenile adjudication was not a "conviction," and thus his case does not fall within the statutory mandate for registration. We agree with the latter point of appeal but not with the former; thus we affirm in part and reverse and remand in part.

### 1. Juvenile delinquency adjudication

Mr. Snyder fails to cite the law applicable in 1991 to admissibility of juvenile adjudications in subsequent criminal proceedings. He contends, however, that it would have made the adjudication inadmissible in the proceedings now before us.

The current law dealing with admissibility of juvenile adjudications in subsequent criminal-trial sentencing proceedings is found in Act 535 of 1993, § 2(c)(3) and Act 551 of 1993, § 2(c)(3). Those acts are codified as Ark. Code Ann. § 16-97-103 (Supp. 1997). Section 16-97-103(3)(i) provides that prior juvenile adjudications are admissible only if the relevant value of the adjudication outweighs its prejudicial value. Mr. Snyder does not argue on appeal that his prior adjudication is inadmissible based on this provision. The statutory provision also provides that prior juvenile delinquency adjudications can only be admitted for crimes for which the juvenile could have been tried as an adult. § 16-97-103(3)(ii). Mr. Snyder, whose prior adjudication was based on rape, does not contend that he could not have been tried as an adult based on his crime of rape. The only time limitation on use of such an adjudication in the sentencing phase of a trial resulting from a subsequently committed offense is, "That in no event shall delinquency adjudications for acts occurring more than ten (10) years prior to the commission of the offense charged be considered; . . . ." § 16-97-103(3)(iii). Mr. Snyder does not contend that the acts for which he was adjudicated delinquent occurred more than ten years prior to the acts of which he stands convicted in the case now before us.

Mr. Snyder argues that the admission of the prior juvenile delinquency adjudication violates the *ex post facto* clause, citing *Weaver v. Graham*, 450 U.S. 24, 27 (1981), in which the United States Supreme Court stated: "[O]ur decisions prescribe that two critical elements must be present for a criminal or penal law to be

*ex post facto*: it must be retrospective, that is, it must apply to events occurring before its enactment, and it must disadvantage the offender affected by it." He contends that § 16-97-103 was applied retrospectively and that he was disadvantaged by its application. Assuming that there was a law in 1991 that would have prevented admissibility of Mr. Snyder's juvenile delinquency adjudication in a subsequent criminal trial, we cannot agree that application of the law applicable at the time of the subsequent trial would violate the *ex post facto* principle.

■ The United States Supreme Court, in *California Dept. of Corrections v. Morales*, 514 U.S. 499 (1995), stated that although the *Weaver* case "suggested that enhancements to the measure of criminal punishment fall within the *ex post facto* prohibition because they operate to the 'disadvantage' of covered offenders, . . . that language was unnecessary to the results in those cases and is inconsistent with the framework developed in *Collins v. Youngblood*, 497 U.S. 37, 41 (1990)." *Id.* at 506 n. 3. The Supreme Court further explained that "[a]fter *Collins*, the focus of the *ex post facto* inquiry is not on whether a legislative change produces some ambiguous sort of 'disadvantage,' nor, . . . on whether an amendment affects a prisoner's 'opportunity to take advantage of provisions for early release,' . . . but on whether any such change alters the definition of criminal conduct or increases the penalty by which a crime is punishable." *Id.*

■ Mr. Snyder does not argue that the admissibility of the evidence of the prior juvenile adjudication changed the nature or definition of the offense for which he was tried and convicted or that it increased the penalty. It is thus clear to us that the *ex post facto* principle was not violated. *Cogburn v. State*, 292 Ark. 564, 732 S.W.2d 807 (1987); *Smith v. State*, 291 Ark. 163, 722 S.W.2d 853 (1987). Although not in the context of considering a prior juvenile adjudication, we have held that the provisions for admissibility of evidence in a sentencing proceeding found in § 16-97-103 do not violate the *ex post facto* principle. *Williams v. State*, 318 Ark. 846, 887 S.W.2d 530 (1994). We affirm the conviction.

## 2. Habitual Child Sex Offender Registration Act

In his second point on appeal, Mr. Snyder argues that the Trial Court erred in certifying him as an habitual child sex offender pursuant to Act 587 of 1987, the Habitual Child Sex Offender Registration Act, since replaced by Act 989 of 1997, the Sex and Child Offender Registration Act of 1997, Ark. Code Ann. §§ 12-12-901 through 12-12-920 (Supp. 1997). His argument is that his juvenile delinquency "adjudication" should not be considered a prior "conviction" for purposes of the prior Act. At the time of Mr. Snyder's conviction, the Act imposed a registration requirement on persons who had been "convicted" of certain sex offenses a second or subsequent time. *See* Act 587, §2.

■ We adhere to the basic rule of statutory construction which is to give effect to the intent of the General Assembly. *Coleman v. State*, 327 Ark. 381, 938 S.W.2d 845 (1997). Absent a clear indication that "a drafting error or omission [has] circumvent[ed] legislative intent," we do not "interpret a legislative act in a manner contrary to its express language." *Id. See City of Little Rock v. Arkansas Corp. Comm.*, 209 Ark. 18, 180 S.W.2d 382 (1945) ("[I]f the words are free from ambiguity and doubt, and express plainly, clearly and distinctly the sense of the framers of the instrument, there is no occasion to resort to other means of interpretation.").

The clear language of Act 587, § 1, provided, in part, that a " '[h]abitual child sex offender' includes any person who, after August 1, 1987, is *convicted* a second or subsequent time . . . . [Emphasis supplied.]" The General Assembly has recognized that there is a difference between a conviction and an adjudication. *See, e.g.,* Ark. Code Ann. § 16-97-104 (Supp. 1997) ("Proof of prior convictions, both felony and misdemeanor, and proof of juvenile adjudications shall follow the procedures outlined in §§ 5-4-502 — 5-4-504."). *See also* Ark. Code Ann. § 5-73-130(a) (Repl. 1997) ("Whenever a person under eighteen (18) years of age is unlawfully in possession of a firearm, the firearm shall be seized and, after an adjudication of delinquency or a conviction, shall be subject to forfeiture.").

■ We reverse the order applying the Habitual Child Sex Offender Registration Act because Mr. Snyder does not have a prior "conviction" of a sex offense. We remand the case for orders consistent with this opinion.

Affirmed in part, reversed and remanded in part.