James MUNHALL *v.* STATE of Arkansas

98–1140                                          986 S.W.2d 863

Supreme Court of Arkansas
Opinion delivered March 18, 1999

*Dunham & Faught, P.A.*, by: *James Dunham*, for appellant.

*Winston Bryant*, Att'y Gen., by: *O. Milton Fine II*, Ass't Att'y Gen., for appellee.

ROBERT L. BROWN, Justice. Appellant James Munhall appeals from the chancery court, juvenile division's adjudication of delinquency and order to pay $1,000 as restitution for a burglary and theft which occurred at a residence in Russellville. Munhall had previously entered into a plea agreement and had pled guilty to eight offenses, which resulted in his commitment to the Department of Youth Services. The chancery court held a hearing on the remaining counts of residential burglary and theft. At the hearing, Walter Perks testified that on April 18, 1998, his home was burglarized, and $1,000 in cash was taken. He was not at home at the time and did not know who committed the crime. He also testified that his daughters knew James Munhall, age 14, and that one of them, Nicki, was in the same grade as Munhall at school. Aaron Royce, who was found by the chancery court to be an accomplice to the crimes, testified that he entered the Perks home on the date in question with Munhall and that Munhall took some money — between $100 and $1,000.

After the testimony was concluded, Munhall's counsel moved to dismiss the burglary and theft charges and argued that the only testimony connecting Munhall to the offenses was that of an accomplice, which is insufficient evidence as a matter of law. The chancery court ruled that even though Royce was an accomplice, his testimony was sufficiently corroborated by Walter Perks's testimony about the burglary and theft. The court, accordingly, denied the motion to dismiss and found Munhall guilty of both burglary and theft for delinquency purposes. The court ordered Munhall and his father to pay restitution of the amount stolen.

Munhall now contends on appeal that the juvenile court erred in failing to dismiss the charges due to insufficient corroboration of an accomplice's testimony. The State responds that accomplice testimony need not be corroborated in juvenile proceedings. We first turn to the statute that incorporates the accomplice-corroboration rule. *See* Ark. Code Ann. § 16-89-111(e)(1) (1987). That statute provides:

> A conviction cannot be had in any case of felony upon the testimony of an accomplice unless corroborated by other evidence tending to connect the defendant with the commission of the offense. The corroboration is not sufficient if it merely shows that the offense was committed and the circumstances thereof.

*Id.*

▉ Munhall argues in his reply brief that this court should apply the accomplice-corroboration rule to juvenile proceedings. This we will not do because the clear legislative intent as evidenced by the plain language of the statute limits its applicability to adults. The State correctly points out that § 16-89-111(e)(1) speaks in terms of a "conviction" in the "case of felony" and uses the word "defendant." None of these terms applies to juvenile proceedings. The State also relies on *Snyder v. State*, 332 Ark. 279, 965 S.W.2d 121 (1998), in which this court held that an adjudication of delinquency in juvenile court is not a conviction for purposes of the Habitual Child Sex Offender Registration Act, codified at Ark. Code Ann. § 16-97-103 (Supp. 1997). Munhall counters that the word "conviction" should not be determinative because the statute was first passed in 1883, and at that time there were no juvenile proceedings. We give this argument little credence. The General Assembly has had ample time to amend § 16-89-111(e)(1) to make it applicable to juveniles if it was of a mind to do so.

We are aware that many states that have decided this issue have held that the accomplice-corroboration rule applies to juvenile proceedings. *See, e.g., T.L.T. v. State*, 212 S.E.2d 650 (Ga. Ct. App. 1975); *In re Dugan*, 334 N.W.2d 300 (Iowa 1983); *In re D.S.*, 306 N.W.2d 882 (Minn. 1981); *In re B.S.*, 496 N.W.2d 31 (N.D. 1993); ___ *A Minor v. Juvenile Dep't Fourth Judicial Dist.*

*Court*, 608 P.2d 509 (Nev. 1980); *C.R.B. v. State*, 638 P.2d 1130 (Okla. Crim. App. 1982). The reasoning behind these decisions is that state legislatures have afforded juveniles certain constitutional protections by statute, and the accomplice-corroboration rule is simply the application of another right which is essential for a juvenile to have a fair trial.

■ We are more persuaded, however, by the court decisions in California. *See In re Mitchell P.*, 587 P.2d 1144 (Cal. 1978); *In re E.L.B.*, 218 Cal. Rptr. 429 (Cal. Ct. App. 1985). In *In re Mitchell P.*, the California Supreme Court held that a finding that the juvenile had committed a crime and was declared a ward of the court is not a *conviction* within the meaning of the California statute requiring accomplice corroboration. The court noted that a California penal code provision specifically stated that an order adjudging a minor to be a ward of the juvenile court should not be deemed a conviction of a crime for any purpose. The court reasoned that so long as basic due process and other constitutional demands are satisfied, reasonable differences in criminal and juvenile evidentiary standards are still permissible. It further acknowledged that: (1) a juvenile judge is more likely than a jury to be critical of accomplice testimony and to give it appropriate weight, (2) an adult convicted of a serious crime generally is confined longer than a juvenile ward charged with the same offense, and (3) it is incumbent on the legislature to strike the proper balance between rehabilitating a juvenile and requiring corroborative evidence for accomplices in juvenile cases.

■ The Arkansas Juvenile Code provides as one of its purposes that "the parties are assured a fair hearing and their constitutional and other legal rights recognized and enforced." Ark Code Ann. § 9-27-302(4) (Repl. 1998). Specific rights afforded to juveniles by statute, among others, are the right to counsel (*see* Ark. Code Ann. § 9-27-316 (Repl. 1998)), the right against double jeopardy (*see* Ark. Code Ann. §9-27-319 (Repl. 1998)), the right against self-incrimination for statements made to an intake officer or probation officer during the intake process (*see* Ark. Code Ann. § 9-27-321 (Repl. 1998)), the right to a detention hearing within 72 hours, if the juvenile is taken into custody (*see* Ark. Code Ann. § 9-27-326 (Repl. 1998)), and the require-

ment of proof beyond a reasonable doubt in delinquency hearings (*see* Ark. Code Ann. § 9-27-325(h)(2)(A) (Repl. 1998)). It is clear to us that the General Assembly through this statutory scheme has taken concrete steps to assure juveniles of a fair trial.

We conclude that if the accomplice-corroboration rule, as embodied in § 16-89-111(e)(1), is to be extended to juvenile hearings, it must be by legislative enactment.

Affirmed.