Josh VANESCH *v.* STATE of Arkansas

CR 00-664                                     37 S.W.3d 196

Supreme Court of Arkansas
Opinion delivered January 18, 2001

*Charles M. Kester*, for appellant.

*Mark Pryor*, Att'y Gen., by: *David R. Raupp, Sr.* Ass't Att'y Gen., for appellee.

JIM HANNAH, Justice. This case is here on a petition for review filed by the State of Arkansas from a decision entered by the Arkansas Court of Appeals. Although the court of appeals upheld Appellant Joshua Lee Vanesch's convictions for several drug crimes entered after a bench trial in the Van Buren County Circuit Court, the State petitioned for review because the court of appeals determined that a juvenile-delinquency adjudication cannot be used for sentence enhancement under the habitual-offender law. In response, Vanesch requests that this court review the court of appeals decision upholding the trial court's decision to admit into evidence Vanesch's juvenile-delinquency adjudication, and to review the court of appeals' finding that such admission did not seriously prejudice Vanesch.

*Facts*

In the early morning hours of January 19, 1998, Van Buren County Sheriff Deputies Scott Handford and Randy Murray stopped Vanesch as he was driving down Highway 65. According to Officer Handford's testimony, Vanesch's vehicle was having electrical problems that caused the headlights to flash. Upon approaching Vanesch and questioning him, Officer Handford smelled marijuana emanating from the car, and Vanesch confirmed that he had smoked a marijuana cigarette earlier that evening. The officers obtained permission to search the car, and upon searching found a black bag containing marijuana, methamphetamine, and drug paraphernalia. The officers arrested Vanesch immediately. On January 21, 1998, the Van Buren County prosecuting attorney filed a felony information charging Vanesch with three counts, including possession with intent to deliver methamphetamine (a class Y felony), possession of drug paraphernalia (a class C felony), and possession with intent to deliver marijuana (a class C felony).

After a series of pretrial hearings dealing with various motions and case matters, the bench trial before the trial judge took place on February 26, 1999. During trial, the felony information was amended to reflect that Vanesch also was being charged as an habitual offender pursuant to Ark. Code Ann. § 5-4-501(a)(1) (Repl. 1997) for having committed more than one but less than four felonies. The prosecutor based this amendment on a felony charge of theft by receiving to which Vanesch pled guilty on January 30, 1998, eight days after he was arrested for these drug crimes, and a prior juvenile-delinquency adjudication for another possession drug crime. At trial, the prosecutor also submitted Vanesch's juvenile record as a basis for charging him as an habitual offender. These records form the basis for Vanesch's appeal. During trial, the prosecutor, who had only that day given Vanesch's attorney these records, argued to the court that the records could be used for the habitual-offender charge. The following discussion transpired:

> MR. FUCHS: Your Honor, those were sprung on me today, and I'm — I'm not sure of the law on the juvenile records, so I'm gonna object. I'm sure you know, but I don't know. I didn't have any time to research this. He just gave it to me when I walked in the door to try this case.
>
> MR. JAMES: Your Honor, the State submits that the defendant knows of his own criminal record and, uh, that the juvenile offense is a felony offense and is, therefore, available for enhancement

purposes for habitual offender. The information was filed prior to the beginning of trial, and I believe the State has a right to amend at any time prior to the —

MR. FUCHS: Well, I'm not objecting to his amendment. I'm just telling the Court that, five minutes before this trial, I get an amendment and I get these judgments, and — and I — I could not look up anything. I did not have the time.

THE COURT: Is there — I don't understand. Is there some objection —

MR. FUCHS: Uh, well, I —

THE COURT: to the question?

MR. FUCHS: — I'm gonna have to object, because I'm ignorant. I'm objecting that I don't believe you can use the juvenile record against him for a habitual-offender status in this case.

THE COURT: Overruled.

The prosecutor continued his cross-examination, and Mr. Fuchs then stated, "I don't see the relevance of this — ." No ruling was made by the trial court on this alleged "objection." The prosecutor continued to submit documents detailing the juvenile proceeding, stating, "— these three documents — we ask that they be admitted as, uh, certified copies of a — what amounts to a felony conviction in juvenile court of delivery of controlled substance." In response, Mr. Fuchs stated, "Although I don't think the actual court order says whether or not it's a felony or a misdemeanor, in the juvenile court proceedings." Following Vanesch's testimony, the parties rested, and the court issued its order finding Vanesch guilty of all three counts.

The trial then moved on to sentencing, and the court heard arguments from the parties. The State asked the court to consider Vanesch's felony record, stating, "Your Honor, we've already intro-duced, uh, his felony record, so we would ask the Court to consider that in sentencing, as well — as well." In argument on sentencing, the prosecutor made no specific mention of the juvenile records. Defense Counsel Fuchs made no statement regarding whether the use of the juvenile records was proper in sentencing. The court then sentenced Vanesch to six years on the possession-of-drug-paraphernalia charge, ten years for the possession-of-marijuana-

with–intent–to–deliver charge, and twelve years for the possession–of–methamphetamine–with–intent–to–deliver charge, to be served concurrently. The Judgment and Commitment Order reflects that Vanesch was sentenced as a habitual offender under Ark. Code Ann. § 5-4-501.

Vanesch filed his Notice of Appeal on March 22, 1999. In his appeal brief to the court of appeals, Vanesch made three arguments. First, he argued that the trial court erred when it admitted evidence of his juvenile record because that evidence was irrelevant and improper impeachment evidence under Rules 402, 404(b), 608, and 609 of the Arkansas Rules of Evidence. Second, he argued that the trial court erred when it considered his juvenile record as a "conviction" for purposes of sentence enhancement under the habitual–offender statute. Third, Vanesch argued that the admission of this evidence at both the guilt and sentencing phases of trial seriously prejudiced him. The State responded, arguing first that Vanesch's arguments were not preserved for appellate review because defense counsel failed to properly object to the evidence or get a ruling on the alleged "relevancy" objection. Second, the State argued that Vanesch's juvenile record could be used for sentence enhancement under the habitual–offender statute. Third, the State argued that Vanesch did not demonstrate that he was prejudiced by the admission of the juvenile records.

The court of appeals issued its unanimous decision on May 17, 2000, affirming the trial court's order of conviction and sentencing. However, despite this decision, the court of appeals found that the trial court erred "in admitting appellant's juvenile adjudication in the sentencing phase of trial for the purpose of sentence enhancement under the habitual–offender law." The court based its decision on the premise that "a juvenile adjudication is not a felony conviction" and cannot be used for sentence enhancement. Despite this alleged error, however, the court of appeals found that Vanesch did not show that he was prejudiced by the error because he could not prove that his sentence was enhanced by the circuit court where the sentence given did not exceed the maximum nonhabitual sentences.

Following the court of appeals' decision, the State petitioned this court for review arguing that the court of appeals incorrectly found that the trial court erred in admitting Vanesch's juvenile record in the sentencing phase of trial. In other words, although

the State prevailed, it now requests an additional finding that juvenile records can be used for sentence enhancement in felony cases. Vanesch has requested this court to review the court of appeals decision that upheld the trial court's decision to admit into evidence Vanesch's juvenile–delinquency adjudication and that such admission did not seriously prejudice Vanesch.

### Standard of Review

■■ On a petition for review, this court reviews the case as if the appeal had originally been filed in this court. *Muhammad v. State*, 337 Ark. 291, 988 S.W.2d 17 (1999); *State v. Brunson*, 327 Ark. 567, 570, 940 S.W.2d 440 (1997); *Mullinax v. State*, 327 Ark. 41, 938 S.W.2d 801 (1997). On appeal, we will not reverse a trial court's ruling on the admission of evidence absent an abuse of discretion; nor will we reverse absent a showing of prejudice. *Huddleston v. State*, 339 Ark. 266, 5 S.W.3d 46 (1999); *Misskelley v. State*, 323 Ark. 449, 915 S.W.2d 702 (1996).

### Preservation of Issues for Appeal

Vanesch argues that the trial court erred when it admitted evidence of Vanesch's serial, juvenile–delinquency adjudication during the guilt phase of the trial because it was irrelevant and improper impeachment evidence under Rules 402, 404(b), 608, and 609 of the Arkansas Rules of Evidence. We are unable to consider this argument because this court will not consider an argument raised for the first time on appeal.

■ The only objection made by Attorney Fuchs was that he did not believe that the records could be introduced to trigger the habitual–offender statutes in this case. Vanesch argues that his attorney objected to the relevancy of the evidence, which then would trigger analysis under Rules 402, 404(b), 608, and 609 of the Arkansas Rules of Evidence; however, a close look at the record indicates that defense counsel merely stated that he "did not see the relevance" of the records, but he never received a ruling on his "relevancy objection," if it can even be called that. While it is true that objections need not cite specific rules to be sufficient, this court has made clear that a specific objection is necessary in order to preserve an issue on appeal. *Dodson v. State*, 341 Ark. 41, 14 S.W.3d 489 (2000); *Marts v. State*, 332 Ark. 628, 968 S.W.2d 41 (1998). To preserve an argument for appeal, there must be an objection in the trial court that is sufficient to apprise the court of

the particular error alleged, and the appellate court will not address arguments raised for the first time on appeal. *Love v. State*, 324 Ark. 526, 922 S.W.2d 701 (1996). A party cannot change the grounds for an objection or motion on appeal but is bound by the scope and nature of the arguments made at trial. *Henderson v. State*, 329 Ark. 526, 953 S.W.2d 26 (1997).

■ While it is clear that defense counsel did object and got a ruling on the objection regarding the use of juvenile records for the habitual-offender charge, his relevancy "objection" was not proper. Furthermore, he did not get a ruling on it and, therefore, this court cannot reach the issue of the relevancy of the records in this case. The burden of obtaining a ruling is upon the movant, and unresolved questions and objections are waived and may not be relied upon on appeal. *Aaron v. State*, 319 Ark. 320, 891 S.W.2d 364 (1995).

*Use of Juvenile-Delinquency Record for Sentence Enhancement under the Habitual-Offender Statute*

The State argues that the court of appeals erred when it determined that a juvenile-delinquency adjudication cannot be used for sentence enhancement under the habitual-offender law.

■ This court in *Snyder v. State*, 332 Ark. 279, 965 S.W.2d 121 (1998), held that Ark. Code Ann. § 16-97-103 (Supp. 1997) allows the introduction into evidence of prior juvenile-delinquency adjudication records if they survive an Arkansas Rule of Evidence 403 challenge. No such objection was made by the defense counsel during the guilt phase of the trial in this case.

However, that the prior juvenile-delinquency adjudication records are admissible at trial does not completely answer the question raised by the parties regarding the use of the prior juvenile-delinquency adjudication for habitual-offender status. The relevant "habitual offenders" statutes are found at Ark. Code Ann. § 5-4-501 – 5-4-504 (Repl. 1997). In those statutes, the Arkansas General Assembly specifically requires "a previous conviction or finding of guilt" before the habitual offender provisions are triggered. Ark. Code Ann. § 5-4-504(a) "*Habitual offenders — Proof of previous conviction*" states in part:

(a) A previous conviction or finding of guilt of a felony may be proved by any evidence that satisfies the trial court beyond a reasonable doubt that the defendant was convicted or found guilty.

■ This court has held that a finding of juvenile delinquency is not considered a "conviction." *See Snyder v. State, supra; Munhall v. State,* 337 Ark. 41, 986 S.W.2d 863 (1999); *Rogers v. State,* 260 Ark 232, 538 S.W.2d 330 (1976). Also the court of appeals pointed out in its opinion, as has this court, that the General Assembly has recognized that a juvenile-delinquency adjudication is different from a conviction. *See, e.g.,* Ark. Code Ann. § 16-97-104 (Supp. 1997) ("Proof of prior convictions, both felony and misdemeanor, and proof of juvenile adjudications shall follow the procedures outlined in §§ 5-4-501 - 5-4-504."); Ark. Code Ann. § 5-73-130(a) (Repl. 1997) ("Whenever a person under eighteen (18) years of age is unlawfully in possession of a firearm, the firearm shall be seized and, after an adjudication of delinquency or a conviction, shall be subject to forfeiture."); *Snyder, supra.* Furthermore, it appears that the General Assembly also recognizes a difference between an adjudication or finding of guilt and an adjudication of delinquency. *See, e.g.,* Ark. Code Ann. § 12-12-1109(a) and (b) (1997), ("A person who is adjudicated guilty or adjudicated delinquent for a sex offense, a violent offense, or a repeat offense on or after August 1, 1997, shall have a deoxyribonucleic acid (DNA) sample drawn...."); *see also,* Ark. Code Ann. § 9-27-309(c) (Repl. 1998) ("Records of juveniles who are designated as extended juvenile jurisdiction offenders shall be kept for ten (10) years after the last adjudication of delinquency, date of plea of guilty or nolo contendere, or finding of guilt as an adult or until the juvenile's twenty-first birthday, whichever is longer.") Such a finding would comport with the purpose of the juvenile code, which is, in part, to rehabilitate instead of punish young offenders. *See* Ark. Code Ann. § 9-27-302(3) (Supp. 1999). This Court has reiterated that

> [J]uvenile offenders are not adult offenders and are not treated as such. . . . [T]he entire process and the purpose of the juvenile code set it apart from the criminal code and many of the considerations involved in dealing with juvenile offenders are significantly different.

*L.H. v. State,* 333 Ark. 613, 973 S.W.2d 477 (1998) (citing *Robinson v. Shock, Supt.,* 282 Ark. 262, 265, 667 S.W.2d 956, 958 (1984)).

■ ■ A juvenile–delinquency adjudication is not a conviction of a felony, and it is not a finding of guilt of a felony. A prior juvenile–delinquency adjudication cannot be used for sentence enhancement under the habitual–offender law. We hold that the trial court erred in admitting Vanesch's prior juvenile–delinquency adjudication for the purpose of sentence enhancement under the habitual–offender law.

### Prejudice

Vanesch was prejudiced by the trial court's admitting the prior juvenile–delinquency adjudication in the sentencing phase of the trial to trigger the habitual–offender law.

For the habitual–offender statute to be applicable, Vanesch had to have been previously found guilty of more than one (1) but less than four (4) felonies. Ark. Code Ann. § 5-4-501. In this case, Vanesch had only one prior felony conviction. Thus, the habitual–offender law was not applicable. In the Judgment and Commitment Order signed by the trial judge, it indicates that the trial judge departed from the sentencing grid and sentenced Vanesch as a habitual offender on all three felony convictions.

■ The trial judge's sentences did not exceed the maximum nonhabitual sentences. However, probation is available for the Class C felonies, possession of drug paraphernalia and possession with intent to deliver marijuana and for the Class Y felony, possession with intent to deliver methamphetamine. See Ark. Code Ann. § § 5-4-104 (Repl. 1997) and 5-64-401 (Repl. 1997), and § 5-4-301. See *Buckley v. State*, 341 Ark. 864, 20 S.W.3d 331 (2000). Originally such was not the case for Class Y felony. See *State v. Knight*, 318 Ark. 158, 884 S.W.2d 258 (1994). However, with the passage of Act 192 of 1993, codified at Ark. Code Ann. § 5-4-104, this prohibition has changed. Now, probation is allowed for such crimes. See *Stinnett v. State*, 63 Ark. App. 72, 973 S.W.2d 826 (1998) and *Buckley, supra*. The decision to allow alternative sentencing is reviewed for an abuse of discretion. Ark. Code Ann. § 16-97-101; *Buckley, supra*.

■ In *Rogers v. State*, 260 Ark. 232, 538 S.W.2d 300 (1976), this court reduced the sentence to the minimum permissible term because the court could not ascertain beyond speculative persuasion what role the inadmissible conviction played in enhancing appellant's sentence. In this case, we know that the trial judge in

sentencing Vanesch departed from the sentencing grid and sentenced Vanesch as a habitual offender on all three felony counts. We can only speculate what impact the inadmissable prior juvenile-delinquency adjudication played in enhancing Vanesch's sentences. Vanesch was prejudiced by the trial courts admitting the prior juvenile-delinquency adjudication in the sentencing phase of the trial to trigger the habitual-offender law. This case should be sent back to the trial court for resentencing.

Affirmed in part and reversed and remanded in part for resentencing.