Lindsey Jerome SWANNER *v.* STATE of Arkansas

CA 00-973                                                37 S.W.3d 697

Court of Appeals of Arkansas
Division III
Opinion delivered February 28, 2001

*Randy Rainwater*, for appellant.

*Mark Pryor*, Att'y Gen., by: *Lauren Elizabeth Heil*, Ass't Att'y Gen., for appellee.

JOSEPHINE LINKER HART, Judge. Appellant, Lindsey Jerome Swanner, was adjudicated a delinquent for committing two counts of second-degree criminal mischief, one a Class D felony and the other a Class B misdemeanor. *See* Ark. Code Ann. § 5-38-204 (Repl. 1997). At the delinquency adjudication hearing, the State submitted testimony from appellant's accomplices implicating him in the turning off of the main power breaker at the Polk County Health Office, which caused the spoilage of $10,145.85 worth of immunization vaccines, and in the spray painting of an exterior portion of the building.

■■ Citing the accomplice-corroboration rule, Ark. Code Ann. § 16-89-111(e)(1) (1987), which provides that "[a] conviction

cannot be had in any case of felony upon the testimony of an accomplice unless corroborated by other evidence tending to connect the defendant with the commission of the offense," appellant argued below in his motion for a directed verdict and argues on appeal that he should not have been adjudicated a delinquent because there was insufficient evidence to corroborate the testimony of his accomplices. As noted by the State, however, the Arkansas Supreme Court has recently held that the accomplice-corroboration rule does not apply to juvenile proceedings. *See Munhall v. State*, 337 Ark. 41, 986 S.W.2d 863 (1999). Given this holding, we must conclude that the trial court properly denied appellant's motion for a directed verdict and affirm appellant's delinquency adjudication. While the court below concluded that there was adequate corroboration of the testimony of the accomplices and denied appellant's motion for a directed verdict, we may uphold the court's ruling if it was correct for any reason. *See Warren v. State*, 314 Ark. 192, 862 S.W.2d 222 (1993).

Affirmed.

JENNINGS and CRABTREE, JJ., agree.