STATE of Arkansas *v.* Mariea Ann HARDIMAN

CR 02-407 114 S.W.3d 164

Supreme Court of Arkansas
Opinion delivered May 8, 2003

No brief for appellant.

*Mark Pryor*, Att'y Gen., by: *Katherine Adams*, Ass't Att'y Gen., for appellee.

TOM GLAZE, Justice. Appellee Mariea Ann Hardiman was charged with numerous drug offenses and, following a bench trial, she was found guilty of simultaneous possession of drugs and a firearm, possession of drug paraphernalia, and possession of a controlled substance. After a sentencing hearing on January 14, 2002, the trial court sentenced Hardiman to ten years on each conviction, to be served concurrently, but the court suspended seven years of each sentence. The State objected, arguing that the court was without authority to suspend any part of Hardiman's sentence. The trial court overruled the State's objection, and the State filed a motion to reconsider the sentence, arguing that Hardiman's conviction of simultaneous possession of drugs and a firearm constituted a Y felony, for which no part of a sentence may be suspended pursuant to Ark. Code Ann. § 5-4-301(a)(1)(C). The trial court denied the State's motion, and from that ruling, the State brings this appeal.

The State appeals pursuant to Ark. R. App. P.—Crim. 3(b) and (c), which authorizes review when the Attorney General, after inspecting the trial record, is satisfied that error has been com-

mitted to the prejudice of the State and that the correct and uniform administration of the criminal law requires such review. This court accepts appeals by the State when our holding would be important to the correct and uniform administration of Arkansas criminal law. Ark. R. App. P.—Crim. 3(c); *see also State v. Stephenson*, 340 Ark. 229, 9 S.W.3d 495 (2000); *State v. Stephenson*, 330 Ark. 594, 955 S.W.2d 518 (1997). We have previously held that "sentencing and the manner in which such punishment provisions can be imposed arise in every criminal case where a conviction is obtained, and the application of these statutory sentencing procedures to convict defendants requires uniformity and consistency." *Stephenson*, 340 Ark. at 231; *see also State v. Freeman*, 312 Ark. 34, 846 S.W.2d 660 (1993). Likewise, it is well settled that the State may appeal the imposition of a void or illegal sentence by the trial court. *See, e.g., State v. Kinard*, 319 Ark. 360, 891 S.W.2d 378 (1995); *State v. Rodriques*, 319 Ark. 366, 891 S.W.2d 63 (1995); *State v. Brummett*, 318 Ark. 220, 885 S.W.2d 8 (1994). Therefore, jurisdiction of this appeal is properly in this court.

■ ■ In Arkansas, sentencing is entirely a matter of statute. *See* Ark. Code Ann. § 5-4-104(a) (Supp. 2001) ("[n]o defendant convicted of an offense shall be sentenced otherwise than in accordance with this chapter"); *Buckley v. State*, 349 Ark. 53, 76 S.W.3d 825 (2002). As noted above, Hardiman was convicted of simultaneous possession of drugs and a firearm, among other crimes. Simultaneous possession is a Class Y felony. Ark. Code Ann. § 5-74-106(b) (Repl. 1997). Pursuant to Ark. Code Ann. § 5-4-104(c)(1) (Repl. 1997), a defendant convicted of a Class Y felony shall be sentenced to a term of imprisonment in accordance with Ark. Code Ann. §§ 5-4-401 — 5-4-404 (Repl. 1997). In turn, § 5-4-401(a)(1) provides that a defendant convicted of a Class Y felony shall be sentenced to a term of not less than ten years nor more than forty years, or life. Further, a court "shall not suspend imposition of sentence as to a term of imprisonment" for a Class Y felony. § 5-4-104(e)(1)(A)(iii). *See also* Ark. Code Ann. § 5-4-301(a)(1)(C) ("A court shall not suspend imposition of sentence as to a term of imprisonment . . . for . . . Class Y felonies"); *Campbell v. State*, 288 Ark. 213, 703 S.W.2d 855 (1986) (suspension of a part of a Class Y felony sentence is prohibited).

In *State v. Stephenson*, 340 Ark. 229, 9 S.W.3d 495 (2000), appellant Stephenson was convicted of simultaneous possession of

drugs and a firearm; the trial court originally sentenced him to ten years' imprisonment for the Class Y felony, but subsequently amended the sentence to ten years, suspended, and conditioned upon the successful completion of other requirements. The State appealed from the trial court's decision to amend the sentence, asserting that the suspended sentence was unauthorized and illegal. This court agreed and reversed, holding that the trial court was "mandated by the General Assembly to sentence [Stephenson] to a term of imprisonment of not less than ten (10) years and not more than forty (40) years, or life." *Stephenson*, 340 Ark. at 232 (citing Ark. Code Ann. §§5-4-104(c), 5-4-401 (Repl. 1997)). Because the trial court had no statutory authority to suspend the imposition of sentence or execution of sentence, this court held that the trial court exceeded its statutory authority by imposing and suspending Stephenson's ten-year sentence.

 *Stephenson* is directly on point, and we therefore hold that the trial court committed error when it suspended seven years of Hardiman's ten-year sentence. Accordingly, we must reverse and remand for imposition of a correct and legal sentence.

HANNAH, J., concurs.

JIM HANNAH, Justice, concurring. I concur with the majority's decision. I agree that *State v. Stephenson*, 340 Ark. 229, 9 S.W.3d 495 (2000), is directly on point and determinative of the present case. I write separately only to point out that confusion may arise when the decision in this case is read in conjunction with *Vanesch v. State*, 343 Ark. 381, 37 S.W.3d 196 (2001), and *Buckley v. State*, 341 Ark. 864, 20 S.W.3d 331 (2000), both of which were decided after *Stephenson, supra*.

All three cases rely directly or indirectly on Ark. Code Ann. § 5-64-401 (Supp. 2001). Section 5-64-401 sets criminal penalties for manufacture, delivery, or possession with intent to manufacture or deliver, a controlled substance. Where section 5-64-401 alone is violated, the felony is treated as a Class Y felony, "[f]or all purposes other than disposition. . . ." Because Ark. Code Ann. § 5-64-401 states that a violation of the statute is a Class Y felony except for purposes other than disposition, probation for section 5-64-401(a) crimes is an alternative sentence. *Vanesch, supra; Buckley, supra*.

However, Hardiman was charged not only with possession of drugs, which would be a violation of section 5-64-401, but she was also in simultaneous possession of a firearm; therefore, she was charged under Ark. Code Ann. § 5-74-106 (Repl. 1997). Section 5-74-106 makes simultaneous violation of section 5-64-401 and possession of a firearm a Class Y felony for all purposes, including disposition. Ark. Code Ann. § 5-74-106(a)(b) (Repl. 1997). Section 5-74-106 contains no exception for purposes of disposition. Violation of section 5-74-106, is a Class Y felony, and the sentence is not subject to suspension. Ark. Code Ann. § 5-4-301(a)(1)(C) (Supp. 2001). Therefore, *Vanesch and Buckley* have no application to sentencing in this case.