Ms. Dana Dean Watson, Chair Sex Offender Assessment Committee Post Office Box 6209 Pine Bluff, Arkansas 71611
Dear Ms. Watson:
I am writing in response to your request for an opinion on the following questions concerning juvenile sex offenders:
Is a juvenile sex offender who, pursuant to A.C.A. § 9-27-356, is ordered by juvenile court to register as a sex offender with the Arkansas Sex Offender Registry, subject to disclosure of the registry information? If so, to who is disclosure authorized?
Is a juvenile adjudicated delinquent of a sex offense in another state, and required to register as a sex offender in that state, required to register as a sex offender in Arkansas if the juvenile sex offender is living, working, attending school or other training in Arkansas? If required to register in Arkansas, is the juvenile offender required to submit to a community notification risk assessment by the Sex Offender Assessment Committee and subsequent public disclosure according to the assessed community notification level?
RESPONSE
Section 9-27-356 is far from clear on the matters at issue under your first question. Pending legislative clarification, it is my opinion that when the legislature provided for the registration of a juvenile as a sex offender pursuant to this statute, it probably intended for the registration information to be subject to disclosure based on guidelines of the Sex Offender Assessment Committee. It should be emphasized, however, that legislative clarification is warranted. The answer to your second question is even less clear, in my opinion. While I suspect that a court would conclude that a juvenile adjudicated delinquent in another state is not required to register in Arkansas, legislative clarification is necessary to conclusively resolve the issue.
Question 1 — Is a juvenile sex offender who, pursuant to A.C.A. § 9-27-356, is ordered by juvenile court to register as a sex offender with the Arkansas Sex Offender Registry, subject to disclosure of the registry information? If so, to who is disclosure authorized?
The issue underlying the first part of this question is whether the disclosure provisions of the Sex Offender Registration Act of 1997 (A.C.A. § 12-12-901 et seq. (Repl. 2009), hereinafter "Registration Act,") apply to registration records of a juvenile offender who was ordered to register pursuant to A.C.A. § 9-27-356 (Repl. 2009). Section 9-27-356 provides that the juvenile division of the circuit court may, after a hearing, "require that a juvenile register as a sex offender. . . ." Id. at (b)(2). If registration is ordered by the court, the registration form is completed by either the Division of Youth Services of the Department of Human Services or the juvenile probation officer and sent to the Sex Offender Registry Manager of the Arkansas Crime Information Center (ACIC). Id. at (g)(1) — (4). The ACIC maintains the central sex offender registry (hereinafter "Registry"). See A.C.A. § 12-12-907.
The question concerning disclosure arises because although the Registration Act provides for the disclosure of Registry information regarding "sex offenders," see A.C.A. § 12-12-913, [1] that act's definition of "sex offender" does not include persons who are adjudicated delinquent.[2] Additionally, while A.C.A. § 9-27-356 includes a reference to several provisions of the Registration Act, it omits reference to A.C.A. § 12-12-913. Section 9-27-356 states only the following in referencing provisions of the Registration Act:
Once a juvenile is ordered to register as a sex offender, he or she shall be subject to the registration requirements set forth in §§ 12-12-904, 12-12-906, 12-12-908, 12-12-909, and 12-12-912.
A.C.A. § 9-27-356(k) (Repl. 2009) (emphasis added).[3]
A review of the Registration Act reveals other registration-related requirements that the legislature apparently deemed inapplicable to juveniles. Because section 9-27-356 only refers to certain of the "registration requirements" and omits reference to A.C.A. § 12-12-913 or any mention of disclosure, it might be forcefully argued that the legislature did not intend for the Registration Act's other provisions, including disclosure, to apply to juvenile sex offenders.
On the other hand, one might counter that the legislature necessarily had disclosure in mind when it authorized the court to "require that a juvenile register as a sex offender." A.C.A. § 9-27-356(b)(2) (emphasis added). The Registry's very purpose is the maintenance of information on offenders and the potential disclosure of such information as necessary to preserve public safety. This purpose is plainly reflected in the legislature's statement of findings under the Registration Act: "[P]rotecting the public from sex offenders is a primary governmental interest," and "the release of certain information about sex offenders to criminal justice agencies and the general public will assist in protecting the public safety." A.C.A. § 12-12-902. Indeed, these safety concerns are reflected in section 9-27-356, which includes "[t]he protection of society" among the factors to be considered by the judge in deciding whether to require a juvenile to register as a "delinquent sex offender." Id. at (e)(2)(A)(ii). See also id. at (i) (requiring removal of the juvenile's name from the sex offender register "upon proof . . . that the juvenile does not pose a threat to the safety of others.") Thus, while the definition of "sex offender" under the Registration Act does not include juveniles, it may reasonably be contended that the legislature had that act in mind — including its disclosure provisions — when it enacted section 9-27-356 providing for the registration of a juvenile as a "sex offender."
Because the law is arguably unclear on this score, it may be appropriate to look to other sources to determine the legislative intent. See generally Weiss v. McFadden,353 Ark. 868, 120 S.W.3d 545 (2003). One such source is the statute's legislative history.
Section 9-27-357 was enacted pursuant to Act 1265 of 2003, which was entitled "An Act to Provide for Juvenile Sex Offender Assessment, Registration and DNA Samples; and For Other Purposes." This act in relevant part added a new section to the Juvenile Code (A.C.A. § 9-27-301 et seq.) setting forth the circumstances under which juveniles who are adjudicated delinquent must undergo sex offender assessment and register as sex offenders. See Acts 2003, No. 1265, § 1.[4] As noted above, these circumstances include a hearing before the juvenile division of circuit court. See A.C.A. § 9-27-356(e). Act 1256 also amended several sections of the Registration Act to remove all pertinent references to juveniles and to persons who were adjudicated delinquent. Id. at §§ 2 and 4 (amending A.C.A. §§ 12-12-905 and-906(a), concerning registration requirements.) See also id. at § 5 (amending A.C.A. § 12-12-1109, concerning the DNA sample requirement, to remove references to "juvenile detention facility" and persons "adjudicated delinquent.") The registration requirements under section 9-27-357 differ somewhat from the previous provisions of the Registration Act applicable to juvenile offenders, primarily in that there was no hearing requirement under that act.
This legislative history offers some insight in addressing your question because it reveals that juvenile sex offenders were previously subject to registration with the ACIC pursuant to the Registration Act. See Acts 1999, No. 1353, § 4 (amending A.C.A. § 12-12-905 to extend the registration requirements to a juvenile ordered to register by a juvenile court judge.) Additionally, juvenile offenders' registration information was previously subject to disclosure pursuant to the Registration Act because the term "sex offender" previously included persons who were "adjudicated delinquent." See Acts 1999, No. 1353, § 1 (amending the definitions of "offender" and "sex or child offender" under A.C.A. § 12-12-903 to include a person "adjudicated delinquent" and "ordered to register by the juvenile court judge) and Acts 2001, No. 1743, § 2 (eliminating the term "offender" from section 12-12-903, and changing the term "sex or child offender" to "sex offender," but continuing to include within the definition of "sex offender" persons "adjudicated delinquent.")[5]
This legislative history makes it difficult to infer from section 9-27-356's failure to mention disclosure that the legislature intended to remove juvenile sex offenders from the disclosure provisions of the Registration Act. The legislature in 2003, through the enactment of Act 1265, created a separate set of registration procedures to govern juvenile offenders and moved these provisions to the Juvenile Code. Consistent with the registration changes, the legislature in that same year removed juvenile offenders from the Registration Act's definition of "sex offender." See n. 5, supra. Section 9-27-356 now plainly governs the inclusion of juvenile offenders in the Registry, although in accordance with subsection 9-27-356(k) juveniles are subject to certain provisions of the Registration Act dealing with the reporting of information. I believe the reference to these latter provisions can probably be explained by section 9-27-356's focus on registration.[6] This focus may also explain the omission of any reference to the Registration Act's disclosure provisions.
In sum, I do not read into these changes the intent to eliminate disclosure as to juvenile offenders. To the contrary, I believe it reasonably follows from the registration provision itself that the legislature contemplated disclosure of a juvenile's registry information, particularly when considering section 9-27-356's legislative history and the announced purpose of registration. The matter is far from clear, however, indicating the need for legislative clarification.
Assuming I am correct in my analysis of section 9-27-356, then the answer to the second part of this question ("[T]o who is disclosure authorized?"), will turn on guidelines promulgated by the Sex Offender Assessment Committee:
 (b) In accordance with guidelines promulgated by the Sex Offender Assessment Committee, local law enforcement agencies having jurisdiction shall disclose relevant and necessary information regarding sex offenders to the public when the disclosure of such information is necessary for public protection.
 (c)(1)(A) The Sex Offender Assessment Committee shall promulgate guidelines and procedures for the disclosure of relevant and necessary information regarding sex offenders to the public when the release of the information is necessary for public protection.
 (B) In developing the guidelines and procedures, the Sex Offender Assessment Committee shall consult with persons who, by experience or training, have a personal interest or professional expertise in law enforcement, crime prevention, victim advocacy, criminology, psychology, parole, public education, and community relations.
 (2)(A) The guidelines and procedures shall identify factors relevant to a sex offender's future dangerousness and likelihood of reoffense or threat to the community.
 (B) The guidelines and procedures shall also address the extent of the information to be disclosed and the scope of the community to whom disclosure shall be made as these factors relate to the:
 (i) Level of the sex offender's dangerousness;
 (ii) Sex offender's pattern of offending behavior; and
 (iii) Need of community members for information to enhance their individual and collective safety.
A.C.A. § 12-12-913 (Repl. 2009) (emphasis added).
Question 2 — Is a juvenile adjudicated delinquent of a sex offense in another state, and required to register as a sex offender in that state, required to register as a sex offender in Arkansas if the juvenile sex offender is living, working, attending school or other training in Arkansas? If required to register in Arkansas, is the juvenile offender required to submit to a community notification risk assessment by the Sex Offender Assessment Committee and subsequent public disclosure according to the assessed community notification level?
The answer to this question is unclear under the relevant statutes. The Registration Act provides in relevant part as follows regarding persons living in Arkansas who are required to register outside of Arkansas:
 Any person living in this state who would be required to register as a sex offender in the jurisdiction in which he or she was adjudicated guilty of a sex offense shall register as a sex offender in this state whether living, working, or attending school or other training in Arkansas.
A.C.A. § 12-12-906(a)(2)(B)(i) (Repl. 2009).
This registration requirement applies to persons who were "adjudicated guilty" in another jurisdiction. For the reasons explained above, therefore, it does not, on its face, apply to a juvenile who was adjudicated delinquent of a sex offense in another state. A question similar to the one addressed above thus arises. It must be determined whether legislative intent to apply this registration requirement can be inferred from another statute.
Regarding A.C.A. § 9-27-356, as discussed above, this statute provides for the registration of a juvenile who is adjudicated delinquent for a sex offense. While one might assume at first glance that this provision encompasses anyone who is required to be registered — including a juvenile who is required to register in another state — it must be noted that this statute provides for registration after a hearing conducted by the "court," which is defined as "the juvenile division of circuit court." A.C.A. § 9-27-303(12) (Repl. 2009). This plainly refers to a circuit court in Arkansas. I find no language in section 9-27-356 to suggest that this provision applies in the case of a juvenile adjudicated delinquent in another state.
Nor has my research revealed any other statute that might form the basis for concluding that a juvenile adjudicated delinquent in another state must register in Arkansas when living, working, attending school or other training here. While I therefore suspect that a court faced with the question would conclude that section 9-27-356's registration requirements do not apply to such a juvenile offender, legislative clarification is necessary to definitively resolve the question.
Deputy Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL Attorney General
DM:EAW/cyh
[1] Registry information is made available to all criminal justice agencies, to some government agencies, and to certain segments of the public, as follows under § 12-12-913:(b) In accordance with guidelines promulgated by the Sex Offender Assessment Committee, local law enforcement agencies having jurisdiction shall disclose relevant and necessary information regarding sex offenders to the public when the disclosure of such information is necessary for public protection.(c)(1)(A) The Sex Offender Assessment Committee shall promulgate guidelines and procedures for the disclosure of relevant and necessary information regarding sex offenders to the public when the release of the information is necessary for public protection. * * * (d)(1) A local law enforcement agency having jurisdiction that decides to disclose information pursuant to this section shall make a good faith effort to notify the public and residents at least fourteen (14) days before a sex offender is released or placed into the community.A.C.A. § 12-12-913.
[2] The Registration Act defines "sex offender" to mean:(A) [A] person who is adjudicated guilty of a sex offense or acquitted on the grounds of mental disease or defect of a sex offense.(B) Unless otherwise specified, `sex offender' includes those individuals classified by the court as `sexually violent predators[.]"A.C.A. § 12-12-903(13) (Repl. 2009). "Sexually violent predator" means:[A] person who has been adjudicated guilty or acquitted on the grounds of mental disease or defect of a sexually violent offense and who suffers from a mental abnormality or personality disorder that makes the person likely to engage in predatory sexually violent offenses.Id. at (15).As the Arkansas Supreme Court noted in Vanesch v. State, 343 Ark. 381, 37 S.W.3d 196 (2001), there is a "difference between an adjudication or finding of guilt and an adjudication of delinquency" under the Arkansas Code.")343 Ark. at 389 (citing A.C.A. § 9-27-309(c): "Records of juveniles who are designated as extended juvenile jurisdiction offenders shall be kept for ten (10) years after the last adjudication of delinquency, date of plea of guilty or nolo contendere, or finding of guilt as an adult or until the juvenile's twenty-first birthday, whichever is longer.") See also id. at 390 ("A juvenile delinquency adjudication is not a conviction of a felony, and it is not a finding of guilt of a felony.").
[3] The registration requirements referenced by section 9-27-356 establish certain penalties and reporting requirements in connection with registration under the Registration Act.
[4] The act also added a section, codified at A.C.A. § 9-27-357 (Repl. 2009), concerning the circumstances under which juveniles who are adjudicated delinquent must submit DNA samples. Acts 2003, No. 1265, § 5.
[5] Another act passed in 2003 amended the definition of "sex offender" under A.C.A. § 12-12-903(13)(A) to remove persons who are adjudicated delinquent and ordered to register by the juvenile court judge. Acts 2003, No. 21, § 3 (2nd Ex. Sess.) This 2003 act also amended subsection 12-12-903(B) to remove such persons from the definition of "sexually violent predator." Id.
[6] I note that section 9-27-356 omits reference to other registration-related provisions of the Registration Act. E.g., A.C.A. §§ 12-12-905, -907 and -910. While this is somewhat difficult to explain, I believe it may be attributable to the fact that these provisions for the most part deal with matters that are covered by section 9-27-356.