BETTS vs. SHOTTON.

1. ADMINISTRATOR'S SALE OF REAL ESTATE: *Proceedings thereon not reviewable by probate court after five years.*
2. PRACTICE: *Who may appeal.*

1. After the five years limited by statute (sec. 60, ch. 94, R. S.), within which the heir or any one claiming under a deceased person must bring his action to recover land sold by the administrator or executor by order of the probate court, that court cannot itself revise and correct its former proceedings so as to divest title acquired through such sale.
2. Any person who has acquired an interest in land under such sale is "aggrieved" by an order of the probate court vacating the proceedings, and may appeal therefrom.

APPEAL from the Circuit Court for *Pierce* County. The county court of Pierce county, on the application of *John Shotton*, in 1868, issued an order re-opening the administration of the estate of Thomas Shotton, deceased, and setting aside as null and void all proceedings therein relative to the appointment of S. R. Gunn as administrator of said estate in 1857, and the sale of certain lands by him as such administrator in 1861, and vacating the said sale. From this order, the respondent *Betts*, though not a party to the record in the proceedings resulting in said order, appealed to the circuit court, claiming, by his affidavit accompanying said appeal, that he was interested in the real estate sold at said administrator's sale, as the heir of one George S. Betts, who in his lifetime had bought the said real estate of Ann Shotton, the purchaser thereof at said sale, and that he was aggrieved by the order vacating such sale.

The material facts appear in the opinion.

Judgment reversing the order of the county court; and· from this judgment *John Shotton* appealed.

*J. R. White*, for the appellant, insisted that the respondent, not having been a party to the record in the county court, and the record of proceedings therein not disclosing that he had any interest which could be

affected thereby, he was not in a position to complain, and his appeal should have been dismissed by the circuit court. *Strong v. Winslow*, 3 Chand. 21; 8 Smedes & Marsh. 392; 14 Wis. 317; 11 Wis. 454; R. S. ch. 117, secs. 24, 28 and 34; 6 Wis. 509; 9 Wis. 184.

*H. A. Wilson* and *Wise & Hough* (with *P. L. Spooner*, of counsel), for respondent, contended, 1. That the respondent, as a party aggrieved by the proceedings of the county court, and having, as shown by his affidavit, an actual interest which was affected by those proceedings, had a right to appeal. R. S. ch. 117, sec. 24; 1 Seld. 514; *Nelson v. Clongland*, 15 Wis. 392; *Bresee v. Stiles*, 22 Wis. 120.   2. That the laches of the appellant, in waiting seven years after the sale by the administrator before moving to set it aside, was a bar to such application, and that the probate court had no authority, after so great a lapse of time, to review its own previous final orders and decrees. *Edwards v. City of Janesville*, 14 Wis. 26; *Spafford v. City of Janesville*, 15 Wis. 474; 12 Peters, 491–2; 3 Wheaton, 591; 6 How. 38–9, and cases their cited; Burnett, 51.

DIXON, C. J.   The real estate of Thomas Shotton, deceased, was sold by Gunn, acting as administrator under the license and order of the probate court of the proper county, for the payment of the debts of the deceased and the charges of administering his estate.   It was sold under and in pursuance of the provisions of chap. 94 of the Revised Statutes. The order or license for the sale was granted on the 4th day of February, 1861.   The sale took place, and was reported to the county court sitting in probate on the 25th day of the same month.   The sale was confirmed, and a deed directed to be executed by the court, on the 26th day of February, 1861; and the deed was at the same time executed and delivered by the administrator, or Gunn acting as such.   The petition in which this appeal originated, to re-open

all the proceedings in the county court, from and including the appointment of Gunn as administrator, down to and including the sale of the lands by him, the order of confirmation, and the conveyance thereupon executed, and to have the same and all of them declared null and void, was presented by the petitioner, *John Shotton*, as the brother and sole surviving heir-at-law of Thomas Shotton, deceased, to the county court, in probate, on the 24th day of October, 1868, and more than seven years after the making and confirmation of the sale and the execution and delivery of the deed.

Section 60 of the statute under which the sale was ordered, made and confirmed, declares, subject to the exception contained in section 61 in favor of minors and others under legal disability, that " no action for the recovery of any estate sold by an executor or administrator, under the provisions of this chapter, shall be maintained by any heir, or other person claiming under the deceased testator or intestate, unless it be commenced within five years next after the sale.

It thus appears that the petitioner, by this proceeding to revise and correct errors in the probate court, is attempting to avoid the clear effect and operation of this statute of limitation, by which all remedy on his part to recover the lands themselves, by ejectment or other action directly against the claimant, is cut off and barred. The question, therefore, is, whether the statute of limitation, which was intended to put an end to all controversy after the lapse of five years, can be evaded in this way; or whether the power of the probate court to re-open and re-examine its former orders and decrees, and to correct mistakes and irregularities, extends to such a case. We are clearly of opinion that it does not, and that it cannot be resorted to for purposes like this. Nor was it the intention of this court to hold otherwise in the case *In re Fisher*,

15 Wis. 511. In *Heirs of Smith v. Rix*, 9 Vt. 240, it was held that the court of probate, by petition for that purpose, might correct errors in its former decrees, after any lapse of time short of twenty years, where the interest of the parties only was concerned. This was a recognition of the principle that the court could not overstep or go beyond the statutory period of limitation fixed in the particular case. And in *French v. Winsor*, 24 Vt. 402, and *Adams v. Adams*, 21 Vt. 162, it was in substance held, that the power was confined to cases still pending in the probate court, or, if not so pending, to cases of fraud, accident or mistake in the settlement of executors' and administrators' accounts. And see also, *Withers v. Patterson*, 27 Texas, 491. In any event, we do not think the power can be exercised in a case like this, where the statute of limitation has run so as to give good title to the land under the deed of the administrator, and where administration of the estate was closed, and third persons had become interested in the property sold.

And we are furthermore of the opinion, that the respondent in this court, *Betts*, who was the appellant in the circuit from the order of the county court, was a person aggrieved by such order, within the meaning of the statute, and so was entitled to take and prosecute the appeal. R. S. ch. 117, § 24. He was directly interested, to the full extent of his title, in the question whether the order should stand and be adjudged in the law valid and effectual, or not.

The order and determination of the circuit court reversing the order of the county court must be affirmed.

*By the Court.*—It is so ordered.