BROWN *v.* FRENKEN.

Opinion delivered July 13, 1908.

APPEAL FROM JUSTICE OF THE PEACE—PARTY AGGRIEVED—TRUSTEE IN BANKRUPTCY.—Under Kirby's Digest, § 4665, providing that any person aggrieved by any judgment rendered by a justice of the peace may take his appeal therefrom to the circuit court, *held* that a trustee in bankruptcy may appeal from a judgment against the bankrupt.

Appeal from Randolph Circuit Court; *J. W. Meeks,* Judge; reversed.

*Henderson & Campbell,* for appellant.

The trustee in bankruptcy had the right to appeal. Kirby's Digest, § 4666; 2 Cyc. 641.

Appellee *pro se.*

There is no sufficient showing by the trustee of a right of appeal to the circuit court. Kirby's Digest, § 4665; 28 Ark. 479; 47 Ark. 412, 413.

HART, J. On June 6, 1906, Nick Frenken instituted a replevin suit against the Harden-Dunham Lumber Company before John F. James, a justice of the peace in Randolph County, Arkansas, to recover the possession of one circular saw, and one rip saw. The case was continued from time to time until September 6, 1906, when judgment by default was rendered in favor of the plaintiff.

On the 24th day of September, 1906, the following affidavit for appeal was filed in the cause: (Caption omitted.) "Comes now Ben A. Brown, who states to the court that he is the regularly qualified and appointed trustee in bankruptcy of the estate of George W. Harden and A. M. Dunham, partners as Harden-Dunham Lumber Company, which said firm was adjudged to be bankrupt in the United States Court for the Northern Division of the Eastern District of the State of Arkansas; that he has filed his bond as such trustee aforesaid, and is now acting in such capacity. He states that as such trustee he has succeeded to all the rights, privileges and equities of the said firm in this suit, and that he believes that he, as trustee, has a meritorious defense to this suit. He therefore prays that he, as such trustee, be permitted an appeal in this case to the circuit court of Randolph County, Arkansas, and states that such appeal is taken, not for the purpose of vexation or delay, but that justice may be done.

[Signed] "Ben A. Brown, trustee in bankruptcy of estate of Harden-Dunham Lumber Company.

"Subscribed and sworn to before me on this the 24th day of September, 1906.

"John F. James, J. P."

Indorsed:—"Filed, examined, found regular and appeal granted on this 24th day of September, 1906.

"John F. James, J. P."

Transcript was properly made and filed in office of the clerk of the circuit court October 24, 1906. At the July term, 1907, of the circuit court, appellee moved to dismiss the appeal because said Ben A. Brown was not a party to the suit at the time the judgment was rendered by the justice of the peace. Thereupon the court dismissed the appeal. To which appellant saved exceptions and prayed an appeal.

Section 4665 of Kirby's Digest provides that any person aggrieved by any judgment rendered by a justice of the peace may take his appeal therefrom to the circuit court. "A party aggrieved is one whose pecuniary interest is directly affected by the decree or one whose right of property may be established or divested by the decree." *Wiggin* v. *Sweet*, 6 Met. 197. The party aggrieved is the person who would have had the property if the judgment alleged to be erroneous had not been rendered. *Adams* v. *Woods*, 8 Cal. 306; *Veazie Bank* v. *Young*, 53 Maine, 560; *Betts* v. *Shotton*, 27 Wis. 667; *Case of Koch's Estate*, 4 Rawle (Pa.), 267; *Jenkins* v. *International Bank*, 97 Ill. 568.

The trustee in bankruptcy is not a stranger, but holds the title to the bankrupt's property in trust for those beneficially entitled to it. It is clearly established by the authorities *supra* that a party aggrieved by a judgment has a right of appeal, though he is not a party to the record. If denied the benefit of an appeal by their trustee, the persons beneficially interested in the estate of the bankrupt would be concluded by a judgment from which they had no opportunity to appeal.

Reversed and remanded.