5-3774                                                399 S. W. 2d 287

Opinion delivered February 21, 1966

*Mark E. Woolsey, Phil Stratton and Norwood Phillips,* for appellant.

*Murphy, Arnold & Purtle,* for appellee.

Carleton Harris, Chief Justice. On November 9, 1927, the County Court of Independence County, upon petition of the Arkansas State Highway Commission, appellant herein, entered its order condemning certain lands in Independence County, including lands of appellees, for highway purposes. On October 12, 1964, pursuant to petitions filed by Austin E. Perrin and wife, Lee Larson and wife, and Conway B. Pearce and wife, appellees, the Independence County Chancery Court entered three separate decrees (one for each couple), enjoining the Highway Commission from entering upon lands belonging to these persons until the commission secured the payment of just compensation by depositing into the registry of the court the sums of $3,000.00, $2,-000.00 and $3,000.00, respectively, for the payment of compensation in event the appellees should be unable to enforce their claims against the county. In its decree, the court had found that neither appellees, nor their predecessors in title, had any notice of the taking of the lands by virtue of the 1927 County Court order, and further,

that the appellees had never received any amount of compensation. The State Highway Commission made the required deposit, and thereafter, appellees respectively filed separate claims with the Independence County Court for the taking of the lands under the 1927 court order. On December 21, 1964, the County Court, without any notice to appellant, entered its orders on these claims, finding that the County Court of Independence County attempted to condemn the lands in 1927, but that the Chancery Court had held such condemnation invalid; that appellees were entitled to compensation. The decrees of the Chancery Court were made a part of the order by reference. The County Court found appellees had been damaged respectively in the amounts of $2,000.00, $1,000.00 and $2,000.00, and, though finding that these amounts represented just compensation, disallowed the claims because Independence County did not have funds available with which to pay them, and the payment of the claims would be in excess of the revenues of the county. "Specifically the Court finds that the County does not have any remaining 1927 County Revenues." The court further found that the amounts allowed were "now held by the Clerk of the Chancery Court of Independence County, Arkansas, and is a fund available for the payment of claimants' damages as found by this court." On January 20, 1965, the County Court granted the commission an appeal from these orders to the Independence Circuit Court, and the appeals were filed in that court on the same day. Appellees filed a motion to dismiss the appeals, and on January 28, 1965, the Independence Circuit Court granted the motion, and from the judgment entered, the Highway Commission brings this appeal. The sole question before us is whether appellant had the standing to appeal the orders of the County Court to the Circuit Court.

Appellees insist that the claims were against Independence County; that the Highway Commission was not a party, and since the claims were disallowed, they were not appealable by any party on behalf of the county, or by a stranger to the proceedings. Appellees

304

assert that the commission was not a proper party, in other words, a stranger, and appellant could only have become a party by filing a petition to intervene in the County Court. It is vigorously argued by appellees that there is no statutory authority that will permit the Highway Department to appeal these claims, and the various statutes are mentioned and discussed. It is true that the commission did not intervene, but, in motions filed with the County Court on January 17, appellant alleged that it received no notice of the filing of the claims, and it asked the court to vacate and set aside its orders of December 31, 1964, in which the claims were allowed[1] Of course, if the commission did not know that the claims had been filed, there was no opportunity to intervene before they were approved. The situation in this case is rather unusual in that appellant's liability is predicated on the fact that the claims were *disallowed*. Of course, the disallowance was as to Independence County, and as far as the Highway Department was concerned, the claims were *allowed*. There is no need to discuss the statutes argued by appellee, since the question here at issue was commented upon in the comparatively recent case of *Arkansas State Highway Commission* v. *Bollinger*, 230 Ark. 877, 327 S. W. 2d 381. The facts in that case were practically the same as in the case before us. In 1927, the Franklin County Court, upon the petition of the State Highway Commission, entered an order widening the highway, but the right of way, as it affected the Bollingers' property, was never cleared, and the lands remained in the same status until 1956, when the commission endeavored to compel the Bollingers to remove certain obstructions from the right of way. The Chancery Court required the commission to deposit $2,500.00 to guarantee payment of any damages, and the Bollingers then filed in the County Court their claim for damages. That court found that the claim was just, and should be paid in the amount of $3,-241.00, but the court further found that the county did not have sufficient funds to make the payment. The

[1]These motions were controverted by appellees, and appellant subsequently withdrew them, and filed its appeal instead.

order then made reference to the $2,500.00 deposit, and set out that that fund should be paid to Bollinger. On appeal to this court, we said:

"If the Highway Commission was dissatisfied with the allowance of the Bollinger claim in the County Court the Commission should have resisted the claim *by appeal to the Circuit Court* [emphasis supplied]."

The commission in the instant case is endeavoring to do just that. Of course, there is no reason for any taxpayer to appeal, for the claim was not allowed against the county. No one is aggrieved except the commission, and, whether technically a party or not in the County Court, appellant certainly is the one affected by the court order. This court has long recognized the right of one who feels aggrieved by an order of a court, to appeal to a higher tribunal. As far back as 1897, in the case of *Ouachita Baptist College* v. *Scott,* 64 Ark. 349, 42 S. W. 536, the Arkansas Supreme Court recognized the right of those interested, *i.e.,* pecuniarily *affected,* to perfect an appeal where action had been taken without notice to the one complaining. There we said:

"If the will has been probated in the more solemn form (that is, upon notice to all interested to appear in the probate court at the probation), then, of course, this particular question does not arise. If, however, as in the present case, the probation is in the common form, and parties interested have not been summoned to appear and make objection, then we think it but a fair and reasonable construction to put on the statute that parties interested may file the affidavit provided in the statute within the twelve months allowed, and thus make themselves parties to the probate proceedings for the purpose of taking an appeal from the order of probation to the circuit court, wherein, in such case, the real contest of the will may be made on the grounds set forth in their petition, which of course, will necessarily show their relationship to the deceased. * * * Furthermore, since the decisions of this court have left no other remedy to

the contestant, who has not been given a day in court, this ruling meets the requirements of the constitutional provision which declares that 'every person is entitled to a certain remedy in the laws for all injuries or wrongs he may receive, in his person, property or character.' Const. Ark. Art. 2, § 13. The contestants having filed their affidavit within one year from the probation of the will, as required by statute, the circuit court properly exercised jurisdiction to hear and determine the appeal, which in such matters amounts to the contest of the will."[2]

In *Brown* v. *Frenken,* 87 Ark. 160, 112 S. W. 207, this court, quoting a case from Massachusetts, said:

"A party aggrieved is one whose pecuniary interest is directly affected by the decree or one whose right of property may be established or divested by the decree."

The court said further:

"It is clearly established by the authorities *supra* that a party aggrieved by a judgment has a right of appeal, though he is not a party to the record."

The Highway Commission certainly meets the definition of an "aggrieved party," for it has a pecuniary interest. It stands to pay out $5,000.00 without having its opportunity to contest the issues. We think simple justice requires that the appeal be permitted.

There is no question with regard to whether the appeals were timely taken, and no defect in the form of the affidavits has been pointed out.

It follows from what has been said that the Circuit Court erred in dismissing these appeals.

Reversed with directions to reinstate said appeals in all three cases.

[2] Of course, it will be recognized that, at the time of the decision in this case, the judge of the County Court also presided over the Probate Court, and appeals were taken from the Probate Court to the Circuit Court. This procedure was changed by Ark. Const. Amend. 24, adopted Nov. 8, 1938.