STATE of Arkansas *v.* Robert Wayne BRUMMETT
and Rickey Lee Haney

CR 94-516                                    885 S.W.2d 8

Supreme Court of Arkansas
Opinion delivered October 10, 1994

*Winston Bryant*, Att'y Gen., by: *Clint Miller*, Acting Deputy Att'y Gen., for appellant.

*Harold W. Madden*, for appellees. ·

DAVID NEWBERN, Justice. The appellees, Robert Wayne Brummett and Rickey Lee Haney, pleaded guilty to burglary and theft of property having a value of over $200. The charges against them resulted from an incident in which both were involved on November 14, 1992. Rickey Lee Haney was charged under Ark. Code Ann. § 5-4-501 as an habitual criminal with more than one but fewer than four previous felony convictions. Robert Wayne

Brummett was charged under the same law with having more than four previous felony convictions. The guilty pleas also encompassed the charges of being habitual criminals. The Trial Court sentenced each man to five years imprisonment despite the State's insistence that the law in effect at the time the crimes were committed required a minimum 10-year sentence.

The State has appealed pursuant to Ark. R. Crim. P. 36.10, contending it may do so as the appeal is required to assure "correct and uniform administration of the criminal law." We agree with the State's contentions that the appeal is to be permitted and that the judgment must be reversed and remanded so that the sentences may be corrected.

This case is like *State* v. *Dennis*, CR94-439, rendered September 26, 1994. Again, the Trial Court did not have the benefit at the time the sentences were imposed of our decision in *Neely* v. *State*, 317 Ark. 312, 877 S.W.2d 589 (1994). There we held that Act 550 of 1993 was intended by the General Assembly to make five years the minimum sentence for certain habitual offenders effective with respect to offenses committed after June 30, 1993, rather than June 30, 1983, as the Act provided.

Messrs. Brummett and Haney make an argument that was not made in *State* v. *Dennis, supra*. They contend the State did not make a timely objection to the sentences.

At a hearing held to determine appropriate sentences, Mr. McCormick, the deputy prosecutor advised the Court that the range of punishment for burglary, given habitual criminal status under the law at the time the offense was committed, was 10 years.

THE COURT: Well, the legislature changed that though.

MR. MADDEN [Defense Counsel]: Yes, sir.

MR. McCORMICK: Your Honor, I would submit to the court, though, that under the Murphy opinion [*State* v. *Murphy*, 315 Ark. 68, 864 S.W.2d 842 (1993)], that, . . . is for offenses committed after July the 1st of 1993, and this was committed, . . . November the 14th, 1992; therefore, . . . changes by Act 550 would not be applicable to this case.

The hearing proceeded, testimony was taken, and counsel were allowed to present argument. The Trial Court then announced it would "follow the recommendation," apparently meaning the recommendation to accept the pleas of guilty, and then pronounced a sentence of five years for Mr. Haney. Mr. Madden asked that Mr. Haney be given a few days prior to reporting to the Department of Correction. The request was denied. Mr. McCormick asked the Court to note his objection pursuant to the *Murphy* decision.

Further evidence was taken with respect to Mr. Brummett, and the Court pronounced a five-year sentence for him whereupon Mr. McCormick lodged the same objection, citing the *Murphy* decision.

The State's objection was timely. It was sufficient for the State to call the Trial Court's attention to its assertion that the minimum sentence for each defendant was 10 years when the subject first arose even though the word "objection" was not used until the sentences were actually imposed.

The Trial Court was obviously apprised of the State's position in time to consider it prior to making a decision on the point in question. The reason for our contemporaneous objection rule is that a trial court should be given an opportunity to know the reason for disagreement with its proposed action prior to making its decision or at the time the ruling occurs. *See Withers* v. *State*, 308 Ark. 507, 825 S.W.2d 819 (1992). The Trial Court was fully apprised of the State's position prior to announcing its decision on the sentences. That is all we require.

Reversed and remanded.