Zayre MAYES *v.* STATE of Arkansas

CR 02-484                                    89 S.W.3d 926

Supreme Court of Arkansas
Opinion delivered November 21, 2002

*William R. Simpson, Jr.*, Public Defender, by: *Clint Miller*, Deputy Public Defender.

*Mark Pryor*, Att'y Gen., by: *Clayton K. Hodges*, Ass't Att'y Gen., for appellee.

DONALD L. CORBIN, Justice. Appellant Zayre Mayes appeals the judgment of the Pulaski County Circuit Court convicting him of rape and sentencing him to life imprisonment without parole. For reversal, Appellant argues that the trial court erred in sentencing him under the "three strikes" habitual-offender statute, Ark. Code Ann. § 5-4-501(d) (Supp. 2001). Appellant contends that he should not have been sentenced under that provision because his two prior convictions for rape and kidnapping should have been considered as one single offense. He contends further that, even if the prior convictions are two separate offenses, the trial court erred in imposing a sentence of life imprisonment without the possibility of parole, instead of simply life imprisonment. Our jurisdiction of this appeal is pursuant to Ark. Sup. Ct. R. 1-2(a)(2). We affirm the judgment as modified.

Because Appellant does not challenge the sufficiency of the evidence convicting him of rape, we need not set out the facts of this case in detail. Suffice it to say that Appellant was charged with having committed the crimes of rape, aggravated robbery, first-degree terroristic threatening, and theft of property. Immediately prior to trial, the State moved to nolle prosequi the charge of terroristic threatening. Thereafter, the jury convicted Appellant of the rape charge, but acquitted him of the charges of aggravated robbery and theft of property.

The State sought to sentence Appellant to an extended term of imprisonment pursuant to section 5-4-501(d). That section provides that a defendant who is convicted of a felony involving violence, as set out in subsection (d)(2), and who has previously been convicted of two or more felonies involving violence, shall be sentenced to an extended term of imprisonment. It provides further that where, as in Appellant's case, the defendant is convicted of a Class Y felony, and there are two prior convictions for felonies involving violence, the mandatory sentence is life imprisonment.

The State introduced certified copies of Appellant's prior convictions of rape and kidnapping. The copies reflect that the crimes occurred on August 10, 1994, and that Appellant entered guilty pleas to the crimes on June 5, 1995. The trial court determined that the two prior convictions amounted to the first and second strikes under section 5-4-501(d). Because the mandatory sentence for Appellant's rape conviction was life imprisonment, the trial court entered sentence without further jury deliberation. This appeal followed.

For his first point for reversal, Appellant argues that the trial court erred in determining that his prior convictions for rape and kidnapping constituted two separate convictions under section 5-4-501(d). He contends that the offenses should have been viewed as a single prior conviction because the State failed to show that the amount of restraint used by Appellant exceeded that necessary to commit the crime of rape. Appellant relies on this court's holdings in *Lee v. State*, 326 Ark. 529, 932 S.W.2d 756 (1996), *Shaw v. State*, 304 Ark. 381, 802 S.W.2d 468 (1991), and *Summerlin v. State*, 296 Ark. 347, 756 S.W.2d 908 (1988), that a person may not be convicted of both kidnapping and rape if the restraint used to commit the rape does not exceed that normally incidental to the crime of rape.

The State contends that this argument is procedurally barred because it is not the argument that Appellant made in the trial court. We agree. The record reflects that during the pretrial hearing, defense counsel argued that the two felonies should only count as a first strike, not a first and second strike, because they occurred on the same date. Defense counsel stated: "What I'm

arguing, your Honor, is those two strikes, the things that give [Appellant] the first two strikes, should only be counted as one strike *because they occurred at the same time.*" (Emphasis added.) Defense counsel never raised any issue about the amount of restraint used to commit the crimes. Accordingly, his argument on appeal is not preserved for our review.

██ ██ It is well settled that to preserve an argument for appeal, there must be an objection in the trial court that is sufficient to apprise the court of the particular error alleged. *Rodgers v. State*, 348 Ark. 106, 71 S.W.3d 579 (2002); *Threadgill v. State*, 347 Ark. 986, 69 S.W.3d 423 (2002). This court will not consider an argument raised for the first time on appeal. *Id.*; *Branscum v. State*, 345 Ark. 21, 43 S.W.3d 148 (2001). Similarly, a party cannot change the grounds for an objection or motion on appeal, but is bound by the scope and nature of the arguments made at trial. *Vanesch v. State*, 343 Ark. 381, 37 S.W.3d 196 (2001); *Woods v. State*, 342 Ark. 89, 27 S.W.3d 367 (2000). Accordingly, because Appellant has changed his argument on appeal, we are precluded from addressing it. We thus affirm on this point.

For his second point on appeal, Appellant contends that the trial court erred in sentencing him to life imprisonment without parole, instead of simply life imprisonment. He asserts that section 5-4-501(d) provides for a sentence of life imprisonment, but does not remove the possibility of parole. The State concedes error on this point.

██ ██ At the outset, we note that although Appellant did not make this argument below, we may nonetheless address it on appeal, as "this court views an issue of a void or illegal sentence as being an issue of subject-matter jurisdiction, in that it cannot be waived by the parties and thus may be addressed for the first time on appeal." *Thomas v. State*, 349 Ark. 447, 459, 79 S.W.3d 347, 354 (2002) (citing *Flowers v. Norris*, 347 Ark. 760, 68 S.W.3d 289 (2002); *Bangs v. State*, 310 Ark. 235, 835 S.W.2d 294 (1992); *Lambert v. State*, 286 Ark. 408, 692 S.W.2d 238 (1985)). A sentence is void or illegal when the trial court lacks authority to impose it. *Id.* Appellant contends that a sentence of life imprisonment without parole for a conviction of rape is not permissible under section 5-4-501(d), which provides in pertinent part:

> (1) A defendant who is convicted of a felony involving violence enumerated in subdivision (d)(2) of this section and who has previously been convicted of two (2) or more of the felonies involving violence enumerated in subdivision (d)(2) of this section shall be sentenced to an extended term of imprisonment, without eligibility *except under § 16-93-1302 for parole* or community punishment transfer as follows:
>
> (A) For a conviction of a Class Y felony, a term of not less than life in prison[.] [Emphasis added.]

Here, Appellant was convicted of the Class Y felony of rape, and the trial court found that he had been convicted previously of two felonies involving violence listed in subsection (d)(2), namely rape and kidnapping. Accordingly, under this provision, Appellant should have received a sentence of "not less than life imprisonment," with an eligibility for parole as set out in Ark. Code Ann. § 16-93-1302 (Supp. 2001), which provides in part:

> (f) Inmates who are sentenced under the provisions of § 5-4-501(c) or (d) for serious violent felonies or felonies involving violence *may be considered eligible for parole* or for community punishment transfer *upon reaching regular parole* or transfer *eligibility, but only after reaching a minimum age of fifty-five (55) years.* [Emphasis added.]

Reading this provision in conjunction with section 5-4-501(d), it is clear that Appellant is statutorily eligible for parole after he has reached the age of fifty-five and has otherwise reached the regular parole eligibility. The trial court's sentence of life imprisonment without parole is illegal. We therefore modify Appellant's sentence to one of life imprisonment, as that is the only sentence available under section 5-4-501(d)(1)(A). *See also Bunch v. State,* 344 Ark. 730, 43 S.W.3d 132 (2001).

Finally, in accordance with Ark. Sup. Ct. R. 4-3(h), the transcript of the record before us has been reviewed for adverse rulings objected to by Appellant, but not argued on appeal, and no such reversible errors were found. Accordingly, the judgment of conviction is affirmed as modified.

IMBER, J., not participating.