Stanley Eugene ELLISON *v.* STATE of Arkansas

CR 03-99                                    123 S.W.3d 874

Supreme Court of Arkansas
Opinion delivered October 9, 2003

*Dale W. Finley*, for appellant.

*Mike Beebe*, Att'y Gen., by: *Lauren Elizabeth Heil*, Ass't Att'y Gen., for appellee.

Tom Glaze, Justice. Ricky King, the victim in this murder case, was reported missing on July 21, 1997, by his mother, Diane Pointer. His remains were located in the Kibler River bottoms in Crawford County on August 23, 2001. Appellant Stanley Ellison was eventually developed as a suspect, and a warrant for his arrest was issued on January 28, 2002. Ellison was tried on July 8, 2002, and was convicted of first-degree murder. On appeal, Ellison does not challenge the sufficiency of the evidence, but raises two other points for reversal: 1) the trial court erred in refusing him an opportunity to impeach a State witness; and 2) the trial court erred in denying his request that the trial be continued to a second day.

For his first argument on appeal, Ellison argues that the trial court erred in refusing to permit him to cross-examine the State's witness, Toni Watkins. During trial, Watkins testified about a dispute between Ellison and King, and she stated that, on the day that King disappeared, Ellison's behavior was very suspicious, and he would not let her in his house. She also testified that, about a month later, Ellison threatened her with a gun. At trial, on cross-examination, Ellison questioned Watkins about why she had not given any of this information to the police in her original statement. He then attempted to cross-examine Watkins by asking about an incident where she allegedly broke into Ellison's house and stole some of his property. The prosecutor objected, pointing out that defense counsel's examination was improper because Watkins had never been convicted of a felony in conjunction with her purported break-in. The trial court sustained the State's objection.

On appeal, Ellison argues that the trial court's limitation on his cross-examination was error, because the rules of evidence permit counsel to ask whether a witness has committed a felony. It is well-settled that evidentiary matters regarding the admissibility of evidence are left to the sound discretion of the trial court and rulings in this regard will not be reversed absent an abuse

of discretion. *Bailey v. State*, 334 Ark. 43, 972 S.W.2d 239 (1998); *White v. State*, 330 Ark. 813, 958 S.W.2d 519 (1997). Under Ark. R. Evid. 609(a)(2), a witness's credibility may be attacked with "evidence that he has been *convicted* of a crime . . . but only if the crime . . . involved dishonesty or false statement, regardless of the punishment." (Emphasis added.) In addition, Ark. R. Evid. 608(b), provides that specific instances of the conduct of a witness, for the purpose of attacking or supporting his or her credibility, other than conviction of a crime as provided in Rule 609, may not be proved by extrinsic evidence. However, such instances of the witness's conduct may, in the discretion of the trial court, if probative of truthfulness or untruthfulness, be inquired into on cross-examination of a witness concerning his or her character for truthfulness or untruthfulness. In his reply brief, Ellison concedes that, in the absence of a conviction, evidence that a witness may have committed a burglary is not probative of truthfulness or untruthfulness. Ellison cites a court of appeals case in support of his concession. *See Green v. State*, 59 Ark. App. 1, 953 S.W.2d 60 (1997). The case of *Watkins v. State*, 320 Ark. 163, 895 S.W.2d 532 (1995), bears directly on this point; in that case, this court affirmed, on the basis of Rule 608(b), the trial court's refusal to permit defense counsel to cross-examine a prosecution witness about his statement that he had once stolen a gun. The *Watkins* court cited *Rhodes v. State*, 276 Ark. 203, 634 S.W.2d 107 (1982), for its statement that "an absence of respect for the property rights of others, though an undesirable trait, does not directly indicate an impairment of the trait of truthfulness." *Watkins*, 320 Ark. at 168 (citing *Rhodes*, 276 Ark. at 209 (holding that shoplifting, a form of theft, did not go to witness's capacity for truthfulness, and trial court did not err in refusing cross-examination about alleged shoplifting incident)). In the present case, we agree with Ellison that the trial court did not err in refusing to permit Ellison to cross-examine Watkins about the alleged burglary and theft.

Ellison's second point on appeal — that the trial court erred in refusing his request to continue the trial to a second day — is not preserved for our review. Shortly after 5:00 p.m. on the first day of trial, defense counsel informed the court that he was not feeling well due to a bone spur in his foot. The court asked counsel if he had a note from his doctor; counsel replied that he did not, and the

court stated that he would "just have to have a problem, because we're going to plan to finish." Counsel made no further statements or argument to the trial court.

█ █   Ellison argues on appeal that the trial court's refusal to permit a continuance until the next day denied him a fair trial; however, Ellison failed to raise this argument below. When the court informed counsel that he would "just have to have a problem, because we're going to . . . finish," counsel made no argument that the refusal of the continuance would prejudice his client in any way. While it is true that objections need not cite specific rules to be sufficient, this court has made clear that a specific objection is necessary in order to preserve an issue for appeal. *Vanesch v. State*, 343 Ark. 381, 37 S.W.3d 196 (2001); *Dodson v. State*, 341 Ark. 41, 14 S.W.3d 489 (2000). To preserve an argument for appeal, there must be an objection to the trial court that is sufficient to apprise the court of the particular error alleged, and the appellate court will not address arguments raised for the first time on appeal. *Vanesch, supra; Love v. State*, 324 Ark. 526, 922 S.W.2d 701 (1996). A party cannot change the grounds for an objection or motion on appeal, but is bound by the scope and nature of the arguments made at trial. *Henderson v. State*, 329 Ark. 526, 953 S.W.2d 26 (1997). Here, Ellison did not argue to the trial court that the denial of his request for a continuance denied his right to a fair trial, and he may not raise this argument for the first time on appeal.

█ █   Moreover, a motion for continuance is addressed to the discretion of the trial court and will not be reversed absent an abuse of discretion. *Greene v. State*, 335 Ark.1, 977 S.W.2d 192 (1998). The burden of proving an abuse of discretion due to prejudice resulting from the denial of a continuance is upon the appellant, and the appellant must demonstrate prejudice before this court will consider a trial court's denial of a continuance to be an abuse of discretion. *Id.* Here, again, Ellison concedes he "cannot show how either his counsel or the jury [was] affected to his disadvantage" by the trial court's refusal of a continuance.

The record in this case has been reviewed for other potentially prejudicial errors pursuant to Ark. Sup. Ct. R. 4-3(h), and none are found. We affirm.

THORNTON, J., not participating.