James Orval DAVIDSON  *v.*  STATE of Arkansas

CR 03-1069                                    193 S.W.3d 254

Supreme Court of Arkansas
Opinion delivered September 23, 2004

*William R. Simpson, Jr.*, Public Defender, and *Don Thompson,* Deputy Public Defender, by: *Erin Vinett*, Deputy Public Defender, for appellant.

*Mike Beebe*, Att'y Gen., by: *David R. Raupp*, Sr. Ass't Att'y Gen., for appellee.

DONALD L. CORBIN, Justice. Appellant James Orval Davidson was convicted of rape in the Pulaski County Circuit Court and was sentenced to a term of life imprisonment under the "three strikes" law, as provided in Ark. Code Ann. § 5-4-501(d)(1)(A) (Supp. 2001). For his sole point on appeal, Appellant argues that his life sentence should be reversed and his case remanded for resentencing in the event that his prior convictions, which make up the first and second "strikes" against him, are reversed by the Arkansas Court of Appeals. Our jurisdiction of this appeal is pursuant to Ark. Sup. Ct. R. 1-2(a)(2). We affirm.

The record in this case reflects that Appellant was originally charged by information, under circuit court docket number CR 02-1440, with the offense of rape, Class Y felony, against his juvenile daughter. His jury trial was set for May 29, 2003. On May 28, the day before his trial, Appellant was convicted in circuit court case number CR 02-2018 of two counts of first-degree sexual abuse. As a result of those two convictions, the State

amended its information in this case to charge Appellant as a habitual offender under the "three strikes" law. Following a jury trial, Appellant was convicted of rape. Thereafter, the State entered into evidence a total of three prior convictions for first-degree sexual abuse: the two convictions from May 28, 2003, and one conviction from 1994. Based on those prior convictions, the trial court sentenced Appellant to life imprisonment, which was the only available sentence under section 5-4-501(d)(1)(A). *See Mayes v. State*, 351 Ark. 26, 89 S.W.3d 926 (2002).

Appellant has appealed his two most recent prior convictions to the Arkansas Court of Appeals, and that appeal, which is filed under docket number CACR03-1374, is still pending. In the current appeal before this court, Appellant argues that his life sentence must be reversed *if* the court of appeals overturns his convictions in the prior case. Appellant concedes that his argument in this appeal is contingent upon the occurrence of future events. He thus suggests that the two appeals could be heard simultaneously if the appeal pending in the court of appeals is certified to this court or that this court could hold this appeal until the court of appeals has made its ruling.[1]

The State contends that this issue is barred because Appellant never argued below that his prior convictions could not be considered on the ground that they might be reversed on appeal. Alternatively, the State asserts that his argument must be rejected because this court has held that the pendency of a direct appeal of a prior conviction does not preclude the use of that conviction to support an enhanced sentence in a separate case. *See Halfacre v. State*, 292 Ark. 331, 731 S.W.2d 179 (1987); *Birchett v. State*, 291 Ark. 379, 724 S.W.2d 492 (1987).

We agree with the State that Appellant's argument is procedurally barred because he failed to raise it in the trial court. It is well settled that to preserve an argument for appeal, there must be an objection in the trial court that is sufficient to apprise the court of the particular error alleged. *See, e.g., Woolbright v. State*, 357 Ark. 63, 160 S.W.3d 315 (2004); *Ellison v. State*, 354 Ark. 340, 123

---

[1] The court dockets for both this appeal and that pending in the court of appeals are devoid of any motions filed by Appellant seeking certification of his court of appeals' case to this court or asking this court to postpone its decision until the court of appeals has made its ruling.

S.W.3d 874 (2003); *Mayes*, 351 Ark. 26, 89 S.W.3d 926. It is equally well settled that this court will not address arguments raised for the first time on appeal. *Id.*

Our holding in *Evans v. State*, 310 Ark. 397, 836 S.W.2d 384 (1992), is directly on point with the issue in this case. There, the appellant had been convicted of rape and sentenced as a habitual offender to 100 years' imprisonment. On appeal, he argued that one of the convictions used to enhance his sentence was pending on appeal and thus should not have been considered by the jury in its deliberations. This court declined to reach the merits of the argument because the appellant failed to raise it in the trial court.

In the present case, Appellant does not deny that he failed to make the argument he now raises in the trial court. Indeed, the record plainly reflects that Appellant did not challenge the admission of his prior convictions on the ground that they were pending on appeal and could be reversed. On the contrary, the only objection made by Appellant concerning the two 2003 convictions was that there was an inaccurate offense date on the judgment. Accordingly, the holding in *Evans* precludes us from reaching the merits of Appellant's argument.[2]

## *Rule 4-3(h)*

Because Appellant received a sentence of life imprisonment, the record in this case has been reviewed pursuant to Ark. Sup. Ct. R. 4-3(h) for adverse rulings objected to by Appellant but not argued on appeal. No such reversible errors were found. For the aforementioned reasons, the judgment of conviction is affirmed.

---

[2] The issue raised by Appellant is not the type of sentencing issue that may be raised for the first time on appeal, as he does not urge that his sentence is void or illegal or that the trial court lacked the authority to impose it. *See, e.g., Mayes*, 351 Ark. 26, 89 S.W.3d 926; *Thomas v. State*, 349 Ark. 447, 79 S.W.3d 347 (2002).