Troy Lee DORN, Jr.  *v.*  STATE of Arkansas

CR 04-158                                      199 S.W.3d 647

Supreme Court of Arkansas
Opinion delivered December 9, 2004

*Robinson & Associates*, by: *Greg Robinson* and *Luke Zakrzewski*, for appellant.

*Mike Beebe*, Att'y Gen., by: *Laura Shue*, Ass't Att'y Gen., for appellee.

DONALD L. CORBIN, Justice. Appellant Troy Lee Dorn Jr. appeals the order of the Jefferson County Circuit Court convicting him of possession of a controlled substance with intent to deliver in violation of Ark. Code Ann. § 5-64-401 (Repl. 1997). On appeal, he argues that it was error for the trial court to deny his motion for a mistrial after the State improperly commented on his failure to testify at trial. This case was certified to us from the Arkansas Court of Appeals, as involving an issue that requires clarification or development of the law; hence, our jurisdiction is pursuant to Ark. Sup. Ct. R. 1-2(b)(5). We find no error and affirm.

On or about June 15, 2000, members of the Tri-County Drug Task Force obtained a search warrant for a house located at 806 South Washington in Pine Bluff, which was owned and occupied by Appellant's parents. At the time of the search, Appellant, his parents, and his girlfriend were all present. The search uncovered approximately thirty-four pounds of marijuana, weighing scales, a trash can containing items contaminated with marijuana residue, and approximately $14,000 in cash. When asked about the cash, Appellant admitted that it belonged to him. Appellant was subsequently arrested.

The next morning, Sergeant Kelvin Sergeant, a member of the Task Force transported Appellant from the Jefferson County Detention Center to the detective offices in order to interview him. After being advised of his *Miranda* rights, Appellant declined to make a statement and asked to speak with his attorney. Sergeant then began to fingerprint Appellant and, while doing so, informed Appellant that his parents and girlfriend could also be charged in connection with the search. Appellant denied that they had any involvement with the drugs.

While Sergeant was returning Appellant to the detention center, Appellant began to cry. Sergeant asked him why he was crying, and he responded, "Man, I f'd up. I f'd up." He then asked to use Sergeant's cell phone to call his girlfriend. Sergeant dialed

the phone number and held the phone up to Appellant's ear. Appellant then said to his girlfriend, "I'm not going to let anything happen to you. I'm not going to let anything happen to you. I f'd up. I f'd up."

A jury trial was held on August 21, 2003. During the course of the State's closing argument, the prosecutor argued that the State's evidence against Appellant was uncontroverted. After he concluded his argument, counsel for Appellant asked for permission to approach the bench. Appellant's counsel then asked the court to declare a mistrial because the State's comment was an impermissible comment on Appellant's failure to testify at trial. The court denied Appellant's motion. The jury subsequently found Appellant guilty as set forth above and sentenced him to a term of five years' imprisonment in the Arkansas Department of Correction. This appeal followed.

For his only point on appeal, Appellant argues that the trial court erred in denying his motion for a mistrial after the State improperly commented on his failure to testify at trial by stating during closing argument that the evidence against Appellant was uncontroverted. Appellant further contends that it cannot be shown beyond a reasonable doubt that the statement did not influence the verdict. The State counters that Appellant's argument is procedurally barred as his motion for mistrial was not made at the first opportunity. The State alternatively argues that the evidence was not of a type that could only be controverted by Appellant testifying and, thus, it was not error to deny the motion for a mistrial. We agree with the State that Appellant's argument is not preserved for our review, but for a different reason.

In the present case, the record reflects the following colloquy:

> [THE STATE]: . . . Mr. Robinson breaks down different parts of the case, and he tried to make you not rely on your common sense. He tried [to] make you say, "Well, the State is just relying on the fingerprint, this one fingerprint. That's the State's whole case." But don't be confused, and don't be misled because that's not right. In addition to the print, in addition to the marijuana, in addition to the scales, in addition to the bags, in addition to the duffel bag, you have all of these statements, every single one of them where this defendant claimed responsibility for all of this marijuana. That is uncontroverted, absolutely uncontroverted.

And, ladies and gentlemen, I submit to you that the State has well proven that this defendant is a drug dealer and that he should be found guilty of possession with intent to deliver here in this county. Thank you for your time and attention.

[DEFENSE COUNSEL]: May we approach?

THE COURT: You may.

. . . .

[DEFENSE COUNSEL]: While the jury is back in deliberation, I need to move for a mistrial on the argument of the prosecution.

THE COURT: All right.

Immediately thereafter, the court instructed the jury and deliberations began. Only after the jury began deliberating, did Appellant explain his basis for seeking a mistrial.

The law is well settled that motions for mistrial must be made at the first opportunity. *Ferguson v. State*, 343 Ark. 159, 33 S.W.3d 115 (2000). The policy reason behind this rule is that a trial court should be given an opportunity to correct any error early in the trial, perhaps before any prejudice occurs. *Id.* Moreover, in order to preserve an argument for appeal, there must be an objection to the trial court that is sufficient to apprise the court of the particular error alleged. *Ellison v. State*, 354 Ark. 340, 123 S.W.3d 874 (2003). Thus, an objection must be both contemporaneous and specific. *Id*; *Robinson v. State*, 348 Ark. 280, 72 S.W.3d 827 (2002).

In the present case, even though Appellant moved for a mistrial almost immediately after the prosecutor's comment about the evidence, he did not state any grounds in support of a mistrial at that time. Instead, he waited until after the jury was instructed and deliberations were underway. In short, he failed to apprise the trial court of the alleged error, thereby failing to give the trial court an opportunity to correct the alleged error. Thus, this issue is not preserved for our review.

Affirmed.

THORNTON, J., not participating.