Ken SWINDLE *v.*
BENTON COUNTY CIRCUIT COURT

05-136 211 S.W.3d 522

Supreme Court of Arkansas
Opinion delivered June 30, 2005

*Appellant,* pro se.

*Mike Beebe,* Att'y Gen., by: *Misty Wilson Borkowski,* Ass't Att'y Gen., for appellee.

ROBERT L. BROWN, Justice. The appellant, Ken Swindle, appeals from the circuit court's order directing him to pay $150 for interpreting services that were provided to his Spanish-speaking client, Manuel DeJesus Mancia, who was the defendant. Mr. Swindle's sole point on appeal is that the circuit court erred in holding him personally responsible for payment of the fee. We affirm the order of the circuit court.

On May 25, 2004, at what appears to have been a plea hearing on Mancia's charge of theft by receiving, the circuit court informed Mancia's counsel that he should personally reimburse the public defender's office for the use of its interpreter in the amount of $150. The circuit court observed that Mr. Swindle was privately retained and noted that he was the party responsible for ensuring that the fee was paid. Mr. Swindle inquired of the court as to who should receive payment, and the circuit court responded that the

fee should be paid to the circuit clerk. On September 7, 2004, the circuit court entered its order that Mr. Swindle was personally responsible for paying $150 to the Benton County Circuit Clerk for the interpreting services provided to his client.

Mr. Swindle now argues on appeal that it was improper for the circuit court to assess him personally with the costs of his client's interpreter either under existing statutory law, the rules and regulations of this court, or the Arkansas Constitution. Mr. Swindle asserts that there is nothing in Act 555 of 1973, nor its resulting statute, Arkansas Code Annotated § 16-89-104 (Supp. 2003), that contemplates that an attorney representing a criminal defendant will ever be assessed a fee on behalf of his or her client. He contends that because § 16-89-104(b)(2) specifically provides that an acquitted criminal defendant shall not be required to pay an interpreter's fee, the converse should also be true and that if a defendant is not acquitted, the defendant is required to pay any fee for a court-appointed interpreter. He further states that the statute fails to include any authority for the proposition that the fee can be assessed against the defendant's attorney. He claims that the circuit court never examined Arkansas Code Annotated § 16-10-127(e) (Supp. 2003), which provides a procedure by which the interpreter could be paid through the Administrative Office of the Courts. Finally, he maintains that whether counsel was privately retained is irrelevant to the question of whether the attorney may be held personally responsible for the fee.

While not raised by the State, we first consider the question of whether Mr. Swindle has standing to challenge the circuit court's order assessing fees against him as part of Mancia's criminal case. We hold that Mr. Swindle can appeal that order.

■ Blackletter law provides that an appeal is only available to those people who were parties to the case in the trial court. *See* 5 Am. Jur. 2d *Appellate Review* § 264 (2004). Notwithstanding that general rule, it has been "widely recognized that in a proper case a nonparty may be sufficiently interested in a judgment to permit him or her to take an appeal from it." 5 Am. Jur. 2d *Appellate Review* § 265 (2004). For example, a nonparty might have the right to appeal where he or she has a "direct, immediate, and substantial interest" which has been prejudiced by the judgment, where he or she has been "aggrieved" by the decision, or where he or she has a right "sufficiently affected" by the judgment. *Id.* In addition, it has been observed that while attorneys have standing to appeal

orders imposing sanctions upon them, they may appeal "only those fee awards, costs, or sanctions for which he or she is directly liable." 5 AM. JUR. 2d *Appellate Review* § 266 (2004).

 A review of Arkansas' jurisprudence reveals that this court has adhered to the general rule on standing that an appellate court cannot act upon an appeal taken by one not a party to the action before the trial court. *See In Re: $3,166,199*, 337 Ark. 74, 987 S.W.2d 663 (1999). Nonetheless, this court has carved out two exceptions under which a nonparty can gain standing to pursue appellate review of a circuit court's order. *See id.* First, this court has held that appellate review may be had where a nonparty seeks relief under Arkansas Rule of Civil Procedure 60(k), which provides that an independent action may be filed to relieve a person from judgment who was not actually served with process. *See id.* The second exception arises where any appellant, though not a party, has a pecuniary interest affected by the court's disposition of the matter below. *See id. See also In Re: Allen*, 304 Ark. 222, 800 S.W.2d 715 (1990).

 In the case at hand, Mr. Swindle clearly has a pecuniary interest in the circuit court's order assessing the costs for Mancia's interpreter against him personally. For that reason, we conclude he has standing as a nonparty and is entitled to appellate review. *See In Re: $3,166,199, supra*; 5 AM. JUR. 2d *Appellate Review* § 266, *supra*; *Beit v. Probate & Family Court Dep't*, 385 Mass. 854, 434 N.E.2d 642 (1982) (observing that an attorney who had costs assessed against him, although not a party, was a person aggrieved, or one who had a pecuniary interest affected by the outcome).

We turn then to an issue raised by the State, which concerns the failure of Mr. Swindle to preserve the interpreter fee issue for our review. The State appears to be correct with respect to lack of preservation. When the circuit court assessed the costs of the interpreter against Mr. Swindle, the following colloquy occurred:

> THE COURT: Oh, that reminds me. Mr. Swindle, you need to reimburse the public defender's office $150 for the use of their interpreter.
>
> MR. SWINDLE: I personally?
>
> THE COURT: Well, you're the attorney.
>
> MR. SWINDLE: Your Honor, I filed a motion for appointment of an interpreter.

THE COURT: Well, that's fine. But this is a privately retained counsel, and you're — we'll provide the interpreter but that doesn't mean you're not responsible for reimbursement.

MR. SWINDLE: My client; is that correct?

THE COURT: Well, you're the one that — you're the one that's responsible to get it paid. I'll just say I'm going to hold you responsible.

MR. SWINDLE: Okay. Who do I pay that to?

THE COURT: Pay it to the circuit clerk.

MR. SWINDLE: Thank you, Your Honor.

■ This court has held that in order to preserve an argument for appeal, there must be an objection to the circuit court that is sufficient to apprise the court of the particular error alleged. *See, e.g., Dorn v. State*, 360 Ark. 1, 199 S.W.3d 647 (2004); *Davidson v. State*, 358 Ark. 452, 193 S.W.3d 254 (2004). It is true that this court has distinguished bench trials from jury trials and held that at times a contemporaneous objection is not required for appellate review. *See, e.g., Stewart v. State*, 332 Ark. 138, 964 S.W.2d 793 (1998) (noting that when contested evidence is mentioned in a bench trial, an objection is not necessary as there is no risk of prejudice because a trial judge is able to consider evidence only for its proper purpose).

■ Under the facts before us, however, we hold that an objection by Mr. Swindle was necessary. In *State v. Brummett*, 318 Ark. 220, 885 S.W.2d 8 (1994), which concerned a State appeal from a sentencing hearing, this court held that the trial court was adequately apprised of the State's position when it objected to the sentence. We observed in that regard that the reason for our contemporaneous-objection rule is so that a trial court is given an opportunity to know the reason for counsel's disagreement with the court's proposed action prior to making its decision. *See State v. Brummett, supra*. This court has required a contemporaneous objection at a bench trial to challenge the existence of prior convictions to establish habitual-offender status for the purpose of sentencing the defendant. *See Mackey v. State*, 329 Ark. 229, 947 S.W.2d 359 (1997). We have further held that an objection at first

opportunity, rather than a contemporaneous objection, was sufficient to preserve a challenge to an in-court identification during a bench trial. *See Mezquita v. State*, 354 Ark. 433, 125 S.W.3d 161 (2003).

■ In the instant case, there was no contemporaneous objection; nor was there any objection at first opportunity. Indeed, Mr. Swindle failed to object at all. Because the circuit court was never apprised of Mr. Swindle's objection to the assessment of the interpreter fee against him, we can only conclude that the circuit court was never aware that there was any possibility of error in his ruling. Accordingly, because Mr. Swindle failed to object to the circuit court's assessment of fees against him, the issue is not preserved for our review.

Affirmed.

HANNAH, C.J., concurs.

JIM HANNAH, Chief Justice, concurring. I concur in the conclusion that the circuit court should be affirmed; however, I base my decision on different grounds than those set out by the majority. This appeal must be dismissed because a criminal defendant's attorney has no right of appeal in a criminal case. Any remedy an attorney may have from an act or order entered against him or her in a criminal case must be sought by an original action in this court based on this court's supervisory control of the circuit court.

The judgment below was one of conviction of Swindle's client Manuel DeJesus Manica on a charge of theft by receiving. An appeal from this conviction would necessarily concern the decision of guilt or the sentence received by Manica. The right to appeal in a criminal case is conferred by Ark. R. App. P.—Crim. 5, and is limited to an appeal from a conviction for "a misdemeanor or felony. . . ."[1] *See Eckl v. State*, 312 Ark. 544, 545-46, 851 S.W.2d 428 (1993). Swindle was not convicted of a misdemeanor or felony and has no right to an appeal in this criminal case.

Citing civil cases, the majority holds that because the order Swindle attempts to appeal concerns an order to pay money, Swindle has a pecuniary interest in the criminal case and must be

---

[1] There is no constitutional right to appeal from a criminal proceeding. *McDonald v. State*, 356 Ark. 106, 146 S.W.3d 883 (2004). The right to appeal is conferred by rule in this State. Ark. R. App. P.—Crim. 5.

allowed to appeal. The civil cases cited do not support the majority's holding. *In Re: $3,166,199*, 337 Ark. 74, 987 S.W.2d 663 (1999), the ordered appealed from determined the interest appellant had in certain funds without providing appellant an opportunity to be heard. *In Re: Allen*, 304 Ark. 222, 800 S.W.2d 715 (1990), concerns an order to a nonparty to deposit funds into the registry of the court to pay for private hospitalization where the Arkansas State Hospital had no room for Allen. In *Allen*, this court cited to *Arkansas State Highway Commission v. Perrin*, 240 Ark. 302, 399 S.W.2d 287 (1966), where we discussed the right to appellate review when a person is not a party to the case because a person is aggrieved by the court's order. In *Perrin*, we relied on *Brown v. Frenken*, 87 Ark. 160, 112 S.W. 207 (1908), where we stated, "A party aggrieved is one whose pecuniary interest is directly affected by the decree or one whose right of property may be established or divested by the decree." *Brown*, 87 Ark. at 162 (quoting *Wiggin v. Sweet*, 47 Mass. 194 (1843)). This court in *Allen* also cites to *Ouachita Baptist College v. Scott*, 64 Ark. 349, 42 S.W. 536 (1897), where we held that although *Ouachita* was not a party to the probate action, it had a right of appeal to the circuit court in this probate proceeding because *Ouachita* had not had not been "given a day in court," and because there was no other remedy. *Ouachita*, 64 Ark. at 351. Swindle has no right of appeal and has a remedy by way of an original action in this court.

I find no criminal case where this court has allowed an appeal by someone who has a pecuniary interest. The remedy in this case was one by an original action in this court by way of a petition for a writ of certiorari. "Certiorari lies to correct proceedings errone-ous on the face of the record where there is no other adequate remedy, and it is available to the appellate court in its exercise of superintending control over a lower court that is proceeding illegally where no other mode of review has been provided." *Meeks v. State*, 341 Ark. 620, 621, 19 S.W.3d 25 (2000) (quoting *Foreman v. State*, 317 Ark. 146, 148, 875 S.W.2d 853 (1994)). Swindle should have filed a petition for a writ of certiorari.

I am also fearful that mixing criminal and civil precedent as the majority does in this case may result in confusion where attorneys and criminal defendants begin to attempt to file notices of appeal in the same criminal case on differing issues. I would affirm, but I would do so based on Swindle's failure to file an original action in this court under this court's supervisory control of the circuit courts.