

# ARKANSAS COURT OF APPEALS

DIVISION III
**No.** CR–15–403

| | |
|---|---|
| JOSHUA HUGH MCCORMICK | **Opinion Delivered:** June 22, 2016 |
| APPELLANT | APPEAL FROM THE FRANKLIN COUNTY CIRCUIT COURT, NORTHERN DISTRICT [NO. CR-2014-16] |
| V. | |
| STATE OF ARKANSAS | HONORABLE WILLIAM M. PEARSON, JUDGE |
| APPELLEE | AFFIRMED; MOTION TO WITHDRAW GRANTED |

## RAYMOND R. ABRAMSON, Judge

Appellant Joshua Hugh McCormick was found guilty by a Franklin County jury of violating Arkansas Code Annotated section 5-73-103, possession of firearms by certain persons. He was sentenced to fifteen years' imprisonment and a fine of $5,000. Pursuant to *Anders v. California*, 386 U.S. 738 (1967), and Rule 4-3(k)(1) of the Rules of the Arkansas Supreme Court and Court of Appeals, McCormick's attorney has filed a no-merit brief and a motion to withdraw as counsel. McCormick was notified of his right to file pro se points for reversal and has done so, and the State has filed a brief in response to those points.

McCormick's counsel argues that there are no meritorious grounds for appeal and asks to withdraw as counsel. A request to withdraw on the ground that the appeal is wholly without merit must be accompanied by a brief that contains a list of all rulings adverse to

appellant and an explanation as to why each ruling is not a meritorious ground for reversal. Ark. Sup. Ct. R. 4–3(k)(1) (2015). The brief must contain an argument section that consists of a list of all rulings adverse to the defendant made by the circuit court on all objections, motions, and requests made by either party with an explanation as to why each adverse ruling is not a meritorious ground for reversal. *Id.*

In deciding whether to allow counsel to withdraw from appellate representation, the test is not whether counsel thinks the circuit court committed no reversible error, but whether the points to be raised on appeal would be wholly frivolous. *Williams v. State*, 2013 Ark. App. 323. Here, we find compliance with Rule 4–3(k)(1) and *Anders*, and hold that there is no merit to this appeal.

## I.    Facts

The following facts are adduced from the testimony and evidence presented at trial. On the night of November 11, 2013, Officer Grant Nicely, a patrol sergeant for the Franklin County Sheriff's Office, received a call from dispatch about a possible shooting on Roseville Street in Altus. As he was nearing the address, he was flagged down by Andrea Newman and Jimmy Smith who were standing on the side of the street. Newman was hysterical and yelled "[M]y friend has been shot and needs an ambulance." Smith was standing next to her with a shirt wrapped around his throat; when Officer Nicely asked him what happened, he replied that he had accidentally shot himself. Officer Nicely questioned Newman who told him that she had some friends over to her house including Smith, Joshua McCormick, and McCormick's then girlfriend (now wife) Tiffany Kreger. Newman told the officer that

McCormick brought the firearm to her house, and Smith had been playing with it when the gun went off.

Smith was transported to the hospital by ambulance while Officer Nicely and Newman went to Newman's house. Newman consented to a search of her home. Kreger and McCormick were no longer there. After a thorough search of the home, no firearm or shell casings were located. Officer Travis Ball, a criminal investigator, testified that he had taken photographs of several blood drops on the floor that led from the bedroom toward the front door of the home. He stated that McCormick could not be located at that time. The State introduced a judgment and disposition order reflecting McCormick had been convicted of first-degree terroristic threatening.

Newman testified that she did not own a gun and that she does not keep guns in her home. She explained that she does not carry a gun and does not like them. She testified that she told McCormick to put away the gun when he brought it to her house. She recalled that Smith was very depressed, and in response to Smith's comments, McCormick unloaded the gun and threw the bullet in his mouth like he was getting rid of it. Newman is a convicted felon and confessed that everyone had been drinking and using methamphetamine that night. Smith testified that he was also a convicted felon and admitted that he had intentionally shot himself in the neck. After he shot himself, he stood back up and walked outside. Newman called 911 and followed Smith outside, staying with him until she flagged down Officer Nicely.

*II.      Adverse Rulings*

Counsel contends that the circuit court did not err in denying McCormick's motions for directed verdict. On appeal, we treat a motion for directed verdict as a challenge to the sufficiency of the evidence. *E.g.*, *Anderson v. State*, 2011 Ark. 461, at 3, 385 S.W.3d 214, 217. We determine whether the verdict is supported by substantial evidence, direct or circumstantial. *Id.*, 385 S.W.3d at 218. Substantial evidence is evidence that is forceful enough to compel a conclusion one way or the other beyond suspicion or conjecture. *Id.*, 385 S.W.3d at 218. The evidence is viewed in the light most favorable to the verdict, and only evidence supporting the verdict will be considered. *Id.*, 385 S.W.3d at 218.

As it applies in this case, Arkansas Code Annotated section 5-73-103 (Repl. 2016) has two requirements that must be met in order to satisfy the requirements of the statute. The first is that one must possess a firearm. Ark. Code Ann. § 5-73-103(a). The second requirement is that the person in possession must have been convicted of a felony. Ark. Code Ann. § 5-73-103(a)(1). Here, both requirements have been met.

McCormick does not contest that he was a convicted felon. The testimony of two witnesses indicated that McCormick brought the gun to Newman's residence where Smith used it to shoot himself. Although the firearm was never found, this direct evidence is not required. McCormick left the location of the shooting prior to the arrival of the investigating officers. This is incriminating evidence. Viewing the evidence in the light most favorable to the verdict and considering the testimony of the State's two eyewitnesses and law enforcement officers, along with the additional incriminating fact that McCormick left the scene, we conclude that there is sufficient evidence to find that McCormick possessed the

firearm. We hold that the circuit court did not err in denying McCormick's motions for directed verdict.

There were also three evidentiary rulings that were adverse to McCormick, and McCormick's counsel has provided an explanation as to why none of these rulings could support a meritorious appeal. It is well settled that evidentiary matters regarding the admissibility of evidence are left to the sound discretion of the trial court, and rulings in this regard will not be reversed absent an abuse of discretion. *Ellison v. State*, 354 Ark. 340, 123 S.W.3d 874 (2003). Abuse of discretion is a high threshold that does not simply require error in the trial court's decision, but requires that the trial court act improvidently, thoughtlessly, or without due consideration. *Nazarenko v. CTI Trucking Co.*, 313 Ark. 570. 856 S.W.2d 869 (1993). Based on our review of the record, we conclude that none of these evidentiary rulings constituted reversible error and that none could form the basis for a merit appeal.

In McCormick's pro se points, he raises eight points for reversal. None of these points have merit, and can be summarized this way: (1) ineffective assistance of counsel; (2) counsel did not allow him to take the stand; (3) insufficient evidence to support his conviction; (4) witnesses' statements were inconsistent; (5) witnesses were coerced into testifying against him; (6) Smith and Newman are also both convicted felons; (7) the State used the testimony of "two convicted felons that was [sic] scared into testifying" to convict him; and (8) Smith had written him a letter apologizing for falsely accusing him of the crime.[1]

---

[1] This alleged letter is not attached to McCormick's pro se points and is found nowhere in the record.

The State contends that the pro se points raised by McCormick were not raised below and are not supported by convincing argument or citation to authority, and therefore they should not be considered by this court. The State also discusses each pro se point and explains why it is without merit.

We agree that many of McCormick's arguments in his pro se points, including his ineffective-assistance-of-counsel claims, were not raised below or were not otherwise preserved for our review. Issues raised for the first time on appeal, even constitutional issues, will not be considered because the circuit court never had an opportunity to make a ruling. *Johnson v. State*, 2009 Ark. 460 (per curiam) (citing *Green v. State*, 362 Ark. 459, 209 S.W.3d 339 (2005)). The remaining points challenge the sufficiency of the evidence supporting his conviction. From the testimony presented, however, there was substantial evidence to support the jury's finding of guilt.

Based on our review of the record and the briefs presented, we conclude that there has been compliance with Rule 4–3(k)(1) and that this appeal is without merit. Consequently, McCormick's counsel's motion to be relieved is granted, and the judgment is affirmed.

Affirmed; motion to withdraw granted.

VIRDEN and GRUBER, JJ., agree.

*John C. Burnett*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Rebecca Bailey Kane*, Ass't Att'y Gen., for appellee.